COPY

MICHAEL K. BRISBIN (SBN 169945)
DENNIS J. RHODES (SBN 168417)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
525 Market Street, 17th Floor,
San Francisco, CA 94105-2725
Telephone: 415.433.0990
Facsimile: 415.434.1370

Attorneys for Defendant
AMERICAN GENERAL LIFE INSURANCE COMPANY

ADR
E-FILING

ORIGINAL FILED
DEC 18 2013
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THOMAS L. WILLS, Successor Trustee of the Wills Management Employment Welfare Benefit Plan; and DONNA WILLS, an individual, and the WILLS FAMILY IRREVOCABLE TRUST II, as beneficiaries of the Wills Management Employment Welfare Benefit Plan,

Plaintiffs,

v.

AMERICAN GENERAL LIFE INSURANCE COMPANY, and DOES 1 through 10, inclusive,

Defendants

Case No. CV 13-05860 PSG

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b)**

**[DIVERSITY JURISDICTION]**

Removed from Superior Court of the State of California, County of Santa Clara Case No. 113-cv-255100

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant American General Life Insurance Company ("American General"), hereby removes this action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the grounds that there is complete diversity of citizenship between Plaintiffs Donna Wills ("Wills") a citizen of the State of California, Thomas L. Wills Successor Trustee of the Wills Management LLC Employee Welfare Benefit Plan ("Trustee") a citizen of the State of California, The Wills Family Irrevocable Trust II ("Insurance Trust") a California Trust, (hereinafter Wills, Trustee and Insurance Trust

referred to as "Plaintiffs"), and Defendant American General, a citizen of the State of Texas as it is incorporated in the State of Texas with its principal place of business in Houston, Texas; the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of interest or costs, as set forth in section 1332(a); and that pursuant to 28 U.S.C. section 1441(b), the citizenship of Doe defendants shall be disregarded. The foregoing facts were true at the time that the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below.

1. On November 18, 2013, Plaintiffs filed in the Superior Court of California, in and for the County of Santa Clara, a civil action entitled *Thomas L. Wills, Successor Trustee of the Wills Management Employment Welfare Benefit Plan; and Donna Wills, an individual, and the Wills Family Irrevocable Trust II, as beneficiaries of the Wills Management Employment Welfare Benefit Plan, Plaintiffs v. American General Life Insurance Company, and Does 1 throught 10, inclusive, Defendants* ("the Complaint").

2. The Summons was dated October 24, 2013. A copy of the summons and complaint was served on American General on November 19, 2013. A true, correct, and complete copy of the summons and complaint served on AMERICAN GENERAL is attached hereto as Exhibit "1". Each and every allegation stated in the Complaint is incorporated by reference into this notice for purposes of this removal.

3. American General has filed this notice of removal within 30 days after receipt of a copy of any pleading, motion, order or other paper from which it was first ascertained that the case is one which is removable, specifically the Complaint.

4. The other defendants named in the Complaint are merely fictitious parties identified as Does 1 through 10 whose citizenship shall be disregarded for purposes of this removal. *Fristos v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

5. As demonstrated by the following, this action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by AMERICAN GENERAL pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action

between citizens of different states, the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, this was true at the time of the filing of the Complaint and this remains true as of the time of the filing of this notice.

**DIVERSITY JURISDICTION**

**A. The Diversity of the Parties**

(1) Plaintiff Trustee was at the time of the filing of this action, and still is, a citizen of the State of California (the Complaint, par. 1).

(2) Plaintiff Wills was at the time of the filing of this action, and still is, a citizen of the State of California (the Complaint, par. 2).

(3) Plaintiff Wills Family Irrevocable Trust II was and at the time of filling of this action, and still is, a trust formed under the laws of the State of California.

(4) American General was, at the time of the filing of this action, and still is, a citizen of the State of Texas with its principal place of business in Houston, Texas. A vast majority of American General's business activities take place in Texas as its headquarters is located in Houston, Texas. A majority of American General's employees are located in Texas.

**B. The Amount in Controversy**

This Court's jurisdictional minimum, an amount in controversy in excess of $75,000.00, exclusive of interest and costs, was satisfied at the time of the filing of this action, and still is satisfied, based on the following:

(1) Plaintiffs allege in the Complaint claims for negligence, financial elder abuse, aiding and abetting breach of fiduciary duty, aiding and abetting fraud, unfair business practice and breach of the implied covenant of good faith and fair dealing (the Complaint, pars. 1-70.) Without admitting the facts alleged in the Complaint, and solely for the purpose of demonstrating diversity jurisdiction, American General incorporates by reference, as if they were fully set forth below, the facts and allegations alleged by Plaintiffs in paragraphs 1 through 70 of the Complaint. Plaintiffs allege that on or about January 28, 2011, former trustee Gary Thornhill misappropriated $591,777.53 from the cash value of life insurance policy no. A70001695L ("the Policy"), which American

General issued and insuring the lives of Wills and her now deceased husband Richard Wills. (The Complaint, par. 10.)

(2) Plaintiffs further allege that on or about October 28, 2011, former trustee Gary Thornhill misappropriated $818,066.37 from the cash value of the Policy.

(3) Plaintiffs claim that American General was negligent in disbursing the funds at the request of the former trustee, Gary Thornhill(the Complaint, par. 39); aided and abetted Gary Thornhill's alleged breach of fiduciary duty (the Complaint, par. 39); and aided and abetted Gary Thornhill's alleged fraud (the Complaint, par. 39).

Plaintiffs allege that American General is liable for the approximate $1.4 million which former trustee Gary Thornhill allegedly misappropriates from the Policy's cash value while he was trustee. (The Complaint, pars. 40, 52 and 59.) Therefore, the possible damages for these three causes of action, not considering American General's affirmative defenses, are approximately $1.4 million.

(3) In addition to contract damages, Plaintiffs claim that they are entitled to punitive damages. (Prayer for Relief.) "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943). The court properly considers Plaintiffs' punitive damage claim in computing the amount necessary for federal jurisdiction because Plaintiffs can and do allege a claim for punitive damages in their Complaint. (*Id.*) See California Civil Code § 3294.

(5) Plaintiffs also allege pursuant to their claim for financial elder abuse, that they are entitled to treble damages. (The Complaint, Prayer for Relief.)

(6) Finally, Plaintiffs allege entitlement to other damages including costs, attorneys fees, and compensatory damages. (Prayer for Relief.)

As demonstrated above, Plaintiff's damage claims far exceed this Court's jurisdictional limit. The possible damages for negligence and the aiding and abetting causes of action, not considering defendants' affirmative defenses and possible offsets, is therefore approximately $1.4 million. In

that there is diversity of citizenship, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and that this is true now as well as at the time the Complaint was filed in this matter, removal of this matter to the United States District Court for the Northern District of California is proper.

**VENUE**

Venue of this case is proper in the Northern District of California, pursuant to 28 U.S.C. Section 1441(a), which states, in part, "...any civil action ... may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The Superior Court of California, in and for the County of Santa Clara, is within the jurisdiction of the United States District Court, Northern District of California.

**CONCLUSION**

1. Based upon the foregoing, American General therefore files this Notice of Removal of this action from the Superior Court of the State of California in and for the County of Santa Clara, in which it is now pending, to the United States District Court for the Northern District of California.

2. True and correct copies of all process, pleadings, orders and documents pertaining to this action (and which have been served upon American General, or which were served or filed by American General in this action) are attached hereto as Exhibit "1." American General is informed and believes, and thereon alleges, that other than the pleadings attached to this notice of removal, there have been no further pleadings, process, or orders filed in this action.

3. A Notice to State Court and To Adverse Party is being filed with the Superior Court of the State of California in and for the County of Santa Clara, and will be served on Plaintiffs.

///

///

///

///

///

WHEREFORE, American General prays that this action be removed from the Superior Court of the State of California in and for the County of Santa Clara to the United States District Court for the Northern District of California.

Date: December 18, 2013

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: [signature]
Michael K. Brisbin
Dennis J. Rhodes
Attorneys for Defendant
AMERICAN GENERAL LIFE INSURANCE COMPANY

6

AMERICAN GENERAL' NOTICE OF REMOVAL UNDER 28 U.S.C. §1441 AND §1446 PURSUANT TO 28 U.S.C. §1332, DIVERSITY

1110282.1

# EXHIBIT 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED

2013 OCT 24 P 3:45

J. CAO-NGUYEN

**NOTICE TO DEFENDANT:** American General Life Insurance
***(AVISO AL DEMANDADO):*** Company, a Texas Corporation, DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** THOMAS L. WILLS, Successor
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** Trustee of the Wills Management Employment Welfare Benefit Plan; and DONNA M. WILLS and the WILLS FAMILY IRREVOCABLE TRUST II, as beneficiaries of the Wills Management Employment Welfare Benefit Plan

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Santa Clara County Superior Court
191 North First Street
San Jose, CA 95113

CASE NUMBER: *(Número del Caso):* 113CV255100

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Maria S. Bellafronto (SBN 161994) (408) 286-9800 (408) 998-4790
Hopkins & Carley, ALC
70 S. First Street
San Jose, CA 95113

DATE: *(Fecha)* OCT 24 2013 DAVID H. YAMASAKI Chief Executive Officer, Clerk Clerk, by *(Secretario)* J. CAO-NGUYEN, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: American General Life Insurance

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 11-19-13



Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Maria S. Bellafronto (SBN 161994)
Hopkins & Carley, ALC
70 S. First Street
San Jose, CA, 95113

TELEPHONE NO.: (408) 286-9800 FAX NO.: (408) 998-4790
ATTORNEY FOR (Name): Plaintiff Thomas L. Wills, et al

FOR COURT USE ONLY

ENDORSED
2013 OCT 24 P 3:45
J. CAO-NGUYEN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: San Jose, CA 95113
CITY AND ZIP CODE:
BRANCH NAME:

CASE NAME: Thomas L. Wills, et al v. American General Insurance Company

**CIVIL CASE COVER SHEET**
[x] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 113CV255100
JUDGE:
DEPT:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[x] Other contract (37) General Negligence

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (*not specified above*) (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (*specify*): 1
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: October 24, 2013
Maria S. Bellafronto
(TYPE OR PRINT NAME)

Hopkins & Carley, ALC
[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- ~~If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all~~ other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10

## INSTRU[illegible]IONS ON HOW TO COMPLETE THE CO[illegible]R SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)—Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - ~~Petition for Name Change~~
  - Petition for Relief from Late Claim
  - Other Civil Petition

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: 113CV255100

**PLEASE READ THIS ENTIRE FORM**

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

*DEFENDANT* (The person sued): **You must do each of the following to protect your rights:**

1. You must file a written response to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

*Your Case Management Judge is:* Honorable Kevin McKenney *Department:* 20

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)
*Date:* FEB 25 2014 *Time:* 2:15 PM in Department: 20

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)
*Date:* ________ *Time:* ________ in Department: ________

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

***What is ADR?***

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

***What are the advantages of choosing ADR instead of litigation?***

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.
- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

***What are the main forms of ADR offered by the Court?***

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:

- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:

- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case; without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute..
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

***What kind of disputes can be resolved by ADR?***

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters: civil rights: collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities: discrimination: employment; environmental problems; fraud; harassment; health care; housing; insurance: intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems: partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports: trade secret; and wrongful death, among other matters.

***Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?***

***Contact:***
Santa Clara County Superior Court
Coordinator
ADR Administrator
408-882-2530

Santa Clara County DRPA
408-792-2784

Maria S. Bellafronto (State Bar No. 161994)
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S. First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorney for Plaintiffs THOMAS L. WILLS, Successor Trustee of the Wills Management Employment Welfare Benefit Plan; and DONNA M. WILLS, an individual, and the WILLS FAMILY IRREVOCABLE TRUST II, as beneficiaries of the Wills Management Employment Welfare Benefit Plan

ENDORSED
2013 NOV 18 P 4:45
David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By ____
Deputy Clerk
T. Mai

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

THOMAS L. WILLS, Successor Trustee of the Wills Management Employment Welfare Benefit Plan; and DONNA M. WILLS, an individual, and the WILLS FAMILY IRREVOCABLE TRUST II, as beneficiaries of the Wills Management Employment Welfare Benefit Plan,

Plaintiffs

v.

AMERICAN GENERAL LIFE INSURANCE COMPANY, and DOES 1 through 10, inclusive,

Defendants.

CASE NO. 113-CV-255100

**FIRST AMENDED COMPLAINT FOR:**

1. **NEGLIGENCE;**
2. **FINANCIAL ELDER ABUSE;**
3. **AIDING AND ABETTING BREACH OF FIDUCIARY DUTY;**
4. **AIDING AND ABETTING FRAUD;**
5. **UNFAIR BUSINESS PRACTICE;**
6. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

Plaintiffs THOMAS L. WILLS, Successor Trustee of the Wills Management Employment Welfare Benefit Plan; DONNA M. WILLS, an individual, and the WILLS FAMILY IRREVOCABLE TRUST II, as beneficiaries of the Wills Management Employment Welfare

Benefit Plan (collectively, the "Plaintiffs") allege as follows:

## GENERAL ALLEGATIONS

1. Plaintiff THOMAS L. WILLS is the Successor Trustee of the Wills Management, LLC Employee Welfare Benefit Plan, formerly referred to as the ECI Welfare Benefit Plan & Trust, dated December 1, 1997 (hereafter, the "Plan") established in Santa Clara County.

2. Plaintiff DONNA M. WILLS is an individual who resides in Santa Clara County, and is a beneficiary under the Plan.

3. Plaintiffs are informed and believe, and thereon allege, that defendant AMERICAN GENERAL LIFE INSURANCE COMPANY ("American General" or "Defendant") is and was at all relevant times a corporation organized under the laws of the State of Texas, with its principal place in Houston, Texas. Defendant is in the business of selling life insurance and issuing life insurance policies throughout the state of California, including the County of Santa Clara.

4. Plaintiffs are presently unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants named herein as DOES 1 through 10, and therefore sues said defendants by such fictitious names pursuant to Code of Civil Procedure Section 474. Plaintiffs will move for leave to amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and thereon allege, that all of the DOES named herein are responsible in some manner for the acts herein alleged.

5. Plaintiffs are informed and believe, and thereon allege, that each of the defendants is and at all times mentioned was the agent, employee or representative of each of the other defendants and/or each of them, that each defendant's actions as alleged herein were within the scope and authority of such agency, employment or representation, and that each defendant acted with the knowledge, permission, authority, approval, consent and/or ratification of each other defendant. As a result, each defendant is jointly and severally responsible and liable for the acts of each other defendant as alleged herein. The named Defendant and/or DOES 1 through 10, inclusive, are hereinafter collectively referred to as "Defendants."

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

350\1048996.1
- 2 -
COMPLAINT FOR NEGLIGENCE, FINANCIAL ELDER ABUSE, AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING FRAUD, ETC.

**FACTUAL BACKGROUND**

6. Donna Wills was married to Richard Wills until his death on or about September 27, 2005.

7. Sometime in or around 1997, Gary L. Thornhill ("Thornhill") became Richard and Donna Wills' financial advisor, operating at that time as the chairman of an entity known as The Private Consulting Group and later Medalist & Company, located at 2880 Lakeside Drive, Suite #112, Santa Clara, California.

8. On or about December 1, 1997, Thornhill set up the Plan, which was a certain employee welfare benefit plan under Section 419 of the Internal Revenue Code for the Wills, initially called the ECI Welfare Benefit Plan & Trust, dated December 1, 1997.

9. Plaintiffs are informed and believe and thereon allege that in or around 1997-1998, Thornhill was a licensed insurance agent for American General.

10. On or about April 20, 1998, Thornhill, on behalf of American General, sold the Wills a Joint Survivor Universal Life policy of insurance bearing policy number A70001695L, for the benefit of Richard L. Wills and Donna M. Wills, the insureds (hereafter, the "Policy"). The Policy contained both a death benefit in the amount of $15,400,000 ("Death Benefit"), plus an accumulated cash surrender value of approximately $3,000,000, credited with interest ("Cash Value"). Plaintiffs are informed and believe and thereon allege that the Cash Value represented the accumulation of three annual premium payments of $1 million each, paid by the Wills under the Policy.

11. Under the Plan, the Cash Value of the Policy was available to the Wills, as the insureds, for payment of any unreimbursed medical expenses that Donna may have incurred after Richard's death.

12. Richard L. Wills died on September 27, 2005 at 70 years old, at which time Donna M. Wills became the sole beneficiary under the Plan and the remaining insured under the Policy.

13. Plaintiffs are informed and believe and thereon allege that from approximately 1998 when the Policy was issued, through at least mid-2010, Thornhill functioned as both as the

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

350\1048996.1

- 3 -

COMPLAINT FOR NEGLIGENCE, FINANCIAL ELDER ABUSE, AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING FRAUD, ETC.

producing agent and the servicing agent for the Wills' Policy on behalf of American General.

14. While the owner of the Policy was initially designated in 1998 as the ECI Welfare Benefit Plan (with Colonia Trust Company/Republic Bank as the Trustee), in or around December 2006, the ECI Welfare Benefit Plan terminated and the Wills Management, LLC Employee Welfare Benefit Plan became the owner of the Policy.

15. In or around February 2008, when Donna Wills was approximately 71 years old, Thornhill became the Successor Trustee of the Plan, replacing Republic Bank. At that time, Thornhill concurrently served both as the servicing agent for the Policy he sold the Wills, as well as the Trustee of the Plan, the current owner of the Policy.

**PRIOR LITIGATION INVOLVING THORNHILL AND AMERICAN GENERAL**

16. Plaintiffs are informed and believe and thereon allege that prior to 2010 American General was named as a defendant in multiple lawsuits where Thornhill, also a defendant, was accused of fraud, misrepresentation and breach of fiduciary duty, among other claims, in connection with his role as an insurance agent on behalf of American General. Such lawsuits include, but may not be limited to, the following:

**<u>The Dallas Action</u>:**

17. Plaintiffs are informed and believe and thereon allege that on or about March 28, 1996, a lawsuit was filed in the County of Los Angeles, State of California, before being transferred to Santa Clara County, entitled *William Dallas, et.al., v. American General Life Insurance Company, Gary Thornhill, et.al.*, bearing civil case number CV759245 (the "Dallas Action").

18. In the Dallas Action, the plaintiffs alleged that American General and Thornhill had a special relationship in the insurance industry and that they breached fiduciary duties toward plaintiffs by, among other reasons, maximizing the commissions rather than acting in the best interests of the insured and making full disclosures about material issues relating to where and how their premium funds were applied (i.e., premiums were alleged to have been applied toward Thornhill's commissions and not the procurement of insurance coverage as represented). Indeed, Thornhill, as a life insurance sales agent for American General, was sued for, among

other claims, constructive fraud, breach of fiduciary duty and fraud due to Thornhill's actions. The plaintiffs in the Dallas action sought as damages over $850,000 in premiums paid, plus punitive damages against Thornhill due to his willful, intentional, fraudulent and oppressive conduct.

**The Brix Action:**

19. Similarly, a couple years later, on or about October 5, 1998, American General and Thornhill were both sued in a lawsuit filed in the Santa Clara County Superior Court, entitled *Harry Brix, Mariann Brix and Harry G. and Mariann Brix Irrevocable Trust v. Gary Thornhill, et.al.*, bearing civil case number CV777108 (hereafter, the "Brix Action").

20. The Brix Action involved the sale of insurance policies to Mr. and Mrs. Brix who accused the defendants of fraud and breach of fiduciary duty resulting from Thornhill's pattern of fraudulent behavior toward his customers who purchased life insurance from him. In the Brix Action, the plaintiffs claimed that "Thornhill was known in the life insurance industry for making misrepresentations to, and deceiving, life insurance clients" and sought punitive damages against Thornhill.

**The Berry Action:**

21. On or about May 23, 2008, American General and Thornhill were both sued in a class action lawsuit filed in the United States District Court, Northern District of Texas, entitled *Stephen Berry v. Indianapolis Life Insurance Company, et.al.*, bearing civil case number 3:08-CV-0248-B (hereafter, the "Berry Action").

22. The Berry Action concerned certain defined benefit plans (under Section 412(i) of the Internal Revenue Code), funded by life insurance policies. The plaintiffs alleged that the plans that Thornhill and the other defendants set up and funded with life insurance policies were actually tax shelters that the defendants knew or should have known would be scrutinized by the IRS and deemed abusive and illegal. Notably, the plan Thornhill set up for the plaintiffs in the Berry Action was similar to the Plan Thornhill set up for the Wills in the instant action – both represent plans that were set up and funded with life insurance policies, including policies issued by American General, proclaimed to be tax shelters that Thornhill and the other defendants

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

350\1048996.1

- 5 -

COMPLAINT FOR NEGLIGENCE, FINANCIAL ELDER ABUSE, AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING FRAUD, ETC.

knew or should have known could be later scrutinized by the IRS and deemed abusive and illegal.

23. The plaintiffs further alleged that the defendants conspired to market the plans and to sell the life insurance policies used to fund them by making fraudulent misrepresentations about the tax benefits of the plans and without disclosing the known risk that the IRS would deem the plans illegal. The plaintiff sued Thornhill for fraud and breach of fiduciary duties, among other claims, seeking treble and punitive damages.

**The Young Action:**

24. Shortly after the Berry action was filed, on or about October 20, 2008, another class action was filed against Thornhill, American General, and several others in the United States District Court, Northern District of Texas, entitled *Claude Young, et.al. v. Millennium Multiple Employer Welfare Benefit Plan, et.al.*, bearing civil case number DC-08-13325 (hereafter, the "Young Action").

25. In the Young Action, the defendants, including Thornhill and American General, were sued for, among other claims, conspiring to defraud investors, fraud and breach of fiduciary duty. The lawsuit arose as a result of Thornhill and the other named defendants' role in selling the plaintiffs a "Millennium Plan" which was "an insurance sales scheme disguised as a purported employee welfare benefit plan [under Internal Revenue Code §419A(f)(6) – often referred to as a "419 Plan"], but which in reality is simply a tool used to sell insurance and generate significant profits for all Defendants." The plaintiffs alleged that the 419 plan they were sold was a fraudulent device, solely to facilitate the sale of whole life policies which would generate "exorbitant commissions" and that it was never viewed by the IRS to be a bona fide plan for tax purposes.

26. Notably, the 419 plan that Thornhill sold the plaintiffs in the Young Action is similar, if not identical, to the Plan he sold the Plaintiffs in this action. In addition, American General issued the policies of insurance that funded the plan with Thornhill as its agent, and a substantial percentage of the premiums paid toward the American General policies were paid to American General's agents, such as Thornhill. Virtually all of the money invested by the

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

350\1048996.1 - 6 -
COMPLAINT FOR NEGLIGENCE, FINANCIAL ELDER ABUSE, AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING FRAUD, ETC.

plaintiffs in the Young Action was allegedly lost in the first year because of Thornhill and the other defendants' actions. As a result, the plaintiffs sought reimbursements of all their contributions paid to their 419 Plans, as well as treble damages and punitive damages.

**The Ribeiro Action:**

27. More recently, on or about March 29, 2010, a lawsuit was filed in the County of Washoe, State of Nevada, entitled *Daniel Laliberte and Stephen Tarke, as Trustees of the Johnny A. Ribeiro, Jr. 2007 Irrevocable Life Insurance Trust, and Johnny A. Ribeiro, Jr., Individually vs. American General Life Insurance Company, Concord Capital Funding, Inc., Medalist & Company Corp., Gary Thornhill, Thornhill Financial Corporation, and Ronald G. Coleman*, bearing civil case number CV09-03588 (hereafter, the "Ribeiro Action").

28. In the Ribeiro Action, both Thornhill and American General were sued for fraud and breach of fiduciary duty, among other claims, due to Thornhill's misrepresentations regarding the types of insurance policies offered, the rate of return on such policies, and other material information that financially harmed the plaintiffs in excess of $32 million. The plaintiffs also sought punitive damages as a result of Thornhill's "fraudulent, wanton, malicious and oppressive conduct."

**AMERICAN GENERAL TERMINATED THORNHILL'S APPOINTMENT IN 2010**

29. On or about June 6, 2010, after its involvement with Thornhill in at least five different lawsuits accusing Thornhill of committing fraud and breaching his fiduciary duties to various policyholders to whom he sold American General life insurance policies, American General terminated Thornhill's ability to sell insurance on behalf of American General.

30. Plaintiffs are informed and believe and thereon allege that as a result of such termination, Thornhill was no longer authorized to represent American General or its affiliates pursuant to his appointment. However, Thornhill continued to act as the servicing agent for the Wills' Policy in doing the acts mentioned herein below.

**THORNHILL'S PERSONAL LOANS AGAINST WILLS' CASH VALUE IN 2011**

31. On or about January 28, 2011, without Donna Wills' knowledge or authorization, Thornhill, as Trustee of the Plan, requested that American General disburse $600,000.00 from

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

350\1048996.1

- 7 -

COMPLAINT FOR NEGLIGENCE, FINANCIAL ELDER ABUSE, AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING FRAUD, ETC.

the Cash Value of Wills' Policy. As a result, American General, without performing any due diligence, authorized the disbursement of the net amount of $591,777.53 as a "loan" to Thornhill and mailed Thornhill a check for said amount on or about January 31, 2011.

32. Approximately, nine months later, on or about October 27, 2011, without Donna Wills' knowledge or authorization, Thornhill, as Trustee of the Plan, requested that American General disburse *another $800,000.00* from the Cash Value of Wills' Policy. As a result, American General, without performing any due diligence, authorized the disbursement of $818,066.37 as another "loan" to Thornhill and mailed Thornhill a check for said amount on or about October 28, 2011.

33. To date, Thornhill has received unauthorized distributions totaling $1,409,843.90 from American General under Wills' Policy which sum has not been repaid by Thornhill and which sum continues to accrue interest as an outstanding loan under the Policy.

34. Thornhill has admitted that he willfully withdrew a total of $1,409,843.90 from the Cash Value under Plaintiffs' Policy for his own personal use and benefit, committing a breach of his fiduciary duties as trustee. It was only through Donna Wills' good fortune that her financial advisors were able to detect Thornhill's fraud upon asking for a review of the Policy at the end of 2012, thereby avoiding additional losses to her Cash Value.

**FIRST CAUSE OF ACTION**
**(Negligence)**

35. Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 34 of this First Amended Complaint as though set forth fully herein.

36. Defendant, as Donna Wills' insurer, had a special relationship with Donna Wills, the insured.

37. Defendant's knowledge of Thornhill's multiple prior lawsuits, as referenced hereinabove, combined with its knowledge that Thornhill was the trustee of the Plan and had access to the Cash Value, constitutes special circumstances giving rise to a duty to act and to protect the Plaintiffs from Thornhill's foreseeable actions, which include but are not limited to his foreseeable breaches of fiduciary duty, fraud and misappropriations.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

350\1048996.1

- 8 -

COMPLAINT FOR NEGLIGENCE, FINANCIAL ELDER ABUSE, AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING FRAUD, ETC.

38.    Defendant owed a duty of care to Plaintiffs to use reasonable skill, care and prudence to properly manage, hold and/or otherwise oversee and protect Donna Wills' benefits under her Policy, including the funds held in her Cash Value, which duties included exercising due diligence and investigation of suspicious activity when there is a foreseeable risk of harm to the benefits afforded to Donna Wills under her Policy.

39.    Defendant breached its duty by, among other things, engaging in the follow actions and/or inactions:

(a)    Failing to exercise any due diligence before allowing Thornhill to misappropriate approximately $1.4 million between January 2011 and October 2011, after his appointment had been terminated by Defendant approximately 6 months before the first $600,000 loan was made to Thornhill and despite the fact that Defendant had actual knowledge of Thornhill's fraudulent behavior, untrustworthiness and past breaches of fiduciary duties;

(b)    Failing to place any kind of "alert" on the Plaintiffs' Policy when Defendant had actual knowledge that Thornhill, Donna Will's trustee of the Plan, had on numerous prior occasions been accused of fraud and breach of fiduciary duty, and further given that Donna Wills, who was 74 years old in 2011, was lacking any knowledge of Thornhill's untrustworthiness;

(c)    Failing to notify Donna Wills or call to her attention that her trustee, Thornhill, whom Defendant knew was previously accused of fraud and breach of fiduciary duty on several prior occasions while he served as Defendant's agent, was withdrawing $1.4 million as "loans" to himself under her Cash Value, thereby reducing the benefits under the Policy;

(d)    Ignoring the danger signals, "red flags" and conflict of interest associated with Thornhill having set up Plaintiffs' life insurance plan and thereafter concurrently serving as the trustee of the Plan/owner of the Policy, as well as Donna Wills' loan servicing agent, despite being in the best position to detect such danger signals and red flags; and

(e)    Failing to send any type of "comfort letter" or "activity letter" to Donna Wills, Defendant's insured, about the sizeable loans Thornhill made against her Cash Value, including but not limited to its failure to accurately report the outstanding and substantial "loan" balance on Defendant's 2012 annual statement for the Policy.

40.    As a direct and proximate result of Defendant's breaches of duty, Plaintiffs have been damaged in an amount to be proven at trial, but believed to be no less than $1,409,843.90, together with interest thereon.

41.    In addition, Defendant's breaches of duty caused Plaintiff to suffer consequential losses, including but not limited to the diminished viability of the Policy, including the potential collapse of said Policy due to the significantly decreased balance of the Cash Value.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

350\1048996.1                                    - 9 -
COMPLAINT FOR NEGLIGENCE, FINANCIAL ELDER ABUSE, AIDING AND ABETTING BREACH OF
FIDUCIARY DUTY, AIDING AND ABETTING FRAUD, ETC.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(Financial Elder Abuse)**

42. Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 41 of this First Amended Complaint as though set forth fully herein.

43. Defendant's conduct constitutes financial elder abuse in violation of California Welfare & Institutions Code section 15610.30 (the "Elder Abuse and Dependent Adult Civil Protection Act"). This statute provides that financial abuse occurs when "a person or entity... [t]akes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both...*or assists in so doing.*"

44. Based on the foregoing actions and inactions, Defendant assisted Thornhill in taking, secreting, misappropriating and/or retaining $1.4 million from Donna Wills' Policy when she was 74 years of age.

45. Defendant's conduct was outrageous. Defendant had actual knowledge that Thornhill was an untrustworthy sales agent accused of *repeated breaches of fiduciary duties* on numerous occasions in the past, and the trustee of an elderly woman's trust that owned the Policy. As mentioned hereinabove, Defendant ignored all danger signals and red flags of having Thornhill, its former sales agent who was repeatedly accused of breach of fiduciary duty and fraud, oversee and advise Plaintiffs about the Policy, as well as serve as the trustee of the Plan that owned the Policy and the servicing agent for such Policy. Defendant knew or should have known that Thornhill's requests for the two sizable loans, totaling almost *half* of the entire Cash Value amount in a nine month period, was taken for a wrongful use and likely to harm Donna Wills, an unsuspecting elderly insured. Indeed, Defendant's "Loan History" report establishes that the loans from the prior three years (2008 through 2010) averaged only about $8,000.00 each year, or .01 percent of the amount of the loans Thornhill made in 2011.

46. Plaintiffs have been damaged by Defendant's aforementioned financial elder abuse and are therefore entitled to damages under Welfare & Institutions Code section 15657, including (1) reasonable general damages; and (2) attorney's fees and costs.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**THIRD CAUSE OF ACTION**
**(Aiding and Abetting Thornhill's Breach of Fiduciary Duty)**

47. Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 46 of this First Amended Complaint as though set forth fully herein.

48. Thornhill, as the trustee of the Plan, undertook and owed Plaintiffs a fiduciary duty.

49. Thornhill's admitted misappropriation of approximately $1.4 million from Plaintiffs' Policy for his own personal benefit was an indisputable breach of his fiduciary duties.

50. Defendant substantially assisted Thornhill's misappropriation of funds by allowing him to obtain the funds from the Cash Value without conducting any due diligence, investigation of his actions or notification to Donna Wills, its insured, despite its full knowledge of Thornhill's untrustworthiness, fraud and past breaches of fiduciary duties, in addition to the actions and inactions mentioned hereinabove.

51. Defendant knowingly derived an economic benefit from Thornhill's breach of fiduciary duty by, among other things, profiting from: (i) the "loans" themselves; (ii) the accrual of interest against the Cash Value; and (iii) Plaintiffs' potential payment of additional premiums in order to maintain the benefits under the Policy.

52. By the foregoing reasons, Plaintiffs have been damaged by Defendant's aiding and abetting of Thornhill's misappropriation of funds in an amount no less than $1.4 million, together with interest thereon and all consequential losses arising therefrom.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**FOURTH CAUSE OF ACTION**
**(Aiding and Abetting Thornhill's Fraud)**

53. Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 52 of this First Amended Complaint as though set forth fully herein.

54. Thornhill, as the trustee of the Plan, intentionally misrepresented, mislead and concealed material facts about the "loans" he represented to be making on behalf of Donna Wills for her benefit.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

350\1048996.1

- 11 -

COMPLAINT FOR NEGLIGENCE, FINANCIAL ELDER ABUSE, AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING FRAUD, ETC.

55. The true facts are that Thornhill did not "borrow" the $1.4 million for the benefit of Donna Wills, the insured. Rather, he admitted misappropriating those funds from Plaintiffs' Policy for his own personal use and benefit.

56. Donna Wills relied upon Thornhill's representations that he would act, as trustee of the Plan, in her best interests and borrow money out of the Cash Value only as necessary to pay for Donna Wills' unreimbursed medical expenses. Donna Wills' reliance was reasonable and justifiable given that Thornhill served as her trustee and prior to 2011, she had no reason to believe that he would misappropriate her funds using false pretenses. In addition, given the fiduciary relationship between the Thornhill and Donna Wills, Plaintiffs had the right to rely on Thornhill's actions and representations made without the duty of further inquiry. *Davis v. Kahn* (1970) 7 Cal. App.3d 868, 878; *Greenfield v. Insurance Inc.* (1971) 29 Cal.App. 3d 803, 811.

57. Defendant substantially assisted Thornhill's fraud by allowing him to obtain the funds from the Cash Value without conducting any due diligence, investigation of his actions or notification to Donna Wills, its insured, despite its full knowledge of Thornhill's untrustworthiness, fraud and past breaches of fiduciary duties, in addition to the actions and inactions mentioned hereinabove.

58. Defendant knowingly derived an economic benefit from Thornhill's fraud by, among other things, profiting from: (i) the "loans" themselves; (ii) the accrual of interest against the Cash Value; and (iii) Plaintiffs' potential payment of additional premiums in order to maintain the benefits under the Policy.

59. By reasons of the foregoing, Plaintiffs have been damaged by Defendant's aiding and abetting of Thornhill's misappropriation of funds in an amount no less than $1.4 million, together with interest thereon and all consequential losses arising therefrom.

WHEREFORE, Plaintiffs pray for relief as set forth below.

**FIFTH CAUSE OF ACTION**
**(Unfair Business Practices)**

60. Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 59 of this First Amended Complaint as though set forth fully herein.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

350\1048996.1

- 12 -

COMPLAINT FOR NEGLIGENCE, FINANCIAL ELDER ABUSE, AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING FRAUD, ETC.

61. California Business & Professions Code section 17200 et.seq., the Unfair Competition Law ("UCL"), is designed to prohibit unfair competition, described as any "unlawful, unfair or fraudulent" business act or practice.

62. Plaintiffs are informed and believe and thereon allege that Defendant's aforementioned conduct constituted an unlawful, unfair and fraudulent business practice under the UCL.

63. Defendant's conduct was unlawful in that it violated not only the Elder Abuse and Dependent Adult Civil Protection Act, but also Welfare & Institutions Code section 15630.1 which requires Defendant, as a financial institution, to report any suspected financial abuse of an elder. Plaintiffs are informed and believe and thereon allege that Defendant failed to timely report Thornhill's reasonably apparent financial abuse of Plaintiffs.

64. Defendant's conduct was also unfair in light of the fact that while Defendant terminated Thornhill's appointment to sell insurance for American General in or around June 2010, after years of litigation with Thornhill relating to his repeated fraud and breaches of fiduciary duties and despite all the danger signals and red flags present, Defendant allowed Thornhill to continue to serve as Donna Wills' loan servicing agent (concurrently as the trustee of the Plan) and authorized Thornhill's two written requests for loans in the total amount of $1.4 million, thereby depriving Donna Wills of her benefits under the Policy.

65. California Business & Professions Code section 17200, et.seq. entitles Plaintiffs to restitution from Defendant for their injuries and also entitles and empowers this Court to disgorge any profits obtained by them through the unfair and unlawful business practice as alleged herein.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SIXTH CAUSE OF ACTION
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

66. Plaintiffs reallege and incorporate the allegations in paragraphs 1 through 65 of this First Amended Complaint as though set forth fully herein.

67. In every contract, the law implies a covenant of good faith and fair dealing such

that neither party will do anything that will deprive the other of the benefits of the contract. In entering into a contractual relationship with Plaintiffs of life insurance, Defendant owed Plaintiffs a duty to act in good faith and to deal fairly with Plaintiffs so as not to deprive Plaintiffs of the benefits of the Policy.

68. Plaintiffs are informed and believe, and thereon allege, that in doing the acts alleged hereinabove, Defendant has breached the duty of good faith and fair dealing.

69. As a direct, proximate and legal cause of Defendant's breach of the covenant of good faith and fair dealing, Plaintiffs have been damaged in an amount not yet ascertained, but which shall be proven at trial.

70. As a further proximate result of Defendant's breaches as alleged herein, Plaintiffs have been compelled to retain legal counsel and have incurred and continue to incur significant legal fees and costs which are recoverable under the Policy.

**PRAYER FOR RELIEF**

Accordingly, Plaintiffs pray for judgment against Defendant as follows:

AS TO THE FIRST CAUSE OF ACTION:

1. For damages according to proof at trial in an amount no less than $1,409,843.90; plus interest;
2. For general damages;
3. For costs of suit herein;
4. For interest as allowed by law; and
5. For such other and further relief as the Court deems just and proper.

AS TO THE SECOND CAUSE OF ACTION:

1. For damages according to proof at trial;
2. For treble damages pursuant to the Welfare & Institutions Code as the Court or jury shall award;
3. For attorneys' fees pursuant to the Welfare & Institutions Code;
4. For costs of suit herein;
5. For interest as allowed by law; and

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

350\1048996.1

- 14 -

COMPLAINT FOR NEGLIGENCE, FINANCIAL ELDER ABUSE, AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING FRAUD, ETC.

6. For such other and further relief as the Court deems just and proper.

AS TO THE THIRD CAUSE OF ACTION:

1. For damages according to proof at trial;
2. For punitive damages;
3. For costs of suit herein;
4. For interest as allowed by law; and
5. For such other and further relief as the Court deems just and proper.

AS TO THE FOURTH CAUSE OF ACTION:

1. For damages according to proof at trial;
2. For punitive damages;
3. For costs of suit herein;
4. For interest as allowed by law; and
5. For such other and further relief as the Court deems just and proper

AS TO THE FIFTH CAUSE OF ACTION:

1. For damages according to proof at trial;
2. For restitution and/or disgorgement of profits;
3. For costs of suit herein;
4. For interest as allowed by law;
5. For attorneys' fees; and
6. For such other and further relief as the Court deems just and proper.

///

///

///

///

///

///

///

///

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

350\1048996.1

- 15 -

COMPLAINT FOR NEGLIGENCE, FINANCIAL ELDER ABUSE, AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING FRAUD, ETC.

AS TO THE SIXTH CAUSE OF ACTION:

1. For damages according to proof at trial;

2. For attorneys' fees;

3. For costs of suit herein;

4. For interest as allowed by law; and

5. For such other and further relief as the Court deems just and proper.

Dated: November 18, 2013

HOPKINS & CARLEY
A Law Corporation

By: [signature]
Maria S. Bellafronto
Attorneys for Plaintiffs THOMAS L. WILLS, Successor Trustee of the Wills Management Employment Welfare Benefit Plan; and DONNA M. WILLS, an individual, and the WILLS FAMILY IRREVOCABLE TRUST II, as beneficiaries of the Wills Management Employment Welfare Benefit Plan

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

350\1048996.1

- 16 -

COMPLAINT FOR NEGLIGENCE, FINANCIAL ELDER ABUSE, AIDING AND ABETTING BREACH OF FIDUCIARY DUTY, AIDING AND ABETTING FRAUD, ETC.