1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS L. WILLS, Successor Trustee of the Wills Management Employment Welfare Benefit Plan; et. al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Defendants. | Case No.: 5:13-cv-05860 EJD <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** <br><br> **[Docket Item No. 18]** |

## I.      Introduction

Presently before the court is American General Life Insurance Company's ("American General") Motion for Judgment on the Pleadings.  See Docket Item No. 18.  Plaintiffs are Thomas L. Wills, in his capacity as the successor trustee of the Wills Management Employment Welfare Benefit Plan, Donna Wills ("Donna"),[1] and the Wills Family Irrevocable Trust ("the Trust") (collectively "Plaintiffs").  The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing.

---

[1] Because many of the involved individuals share a common surname, the court will refer to them by their first names to prevent any confusion.  The court means no disrespect.

1    Federal jurisdiction arises pursuant to 28 U.S.C. § 1332.  Having considered the relevant

2    factual background as well as the parties' submissions, the court will deny American General's

3    motion for the reasons explained below.

4    **II.    Background**

5    American General is a Texas-based life insurance corporation that sells and issues life

6    insurance policies throughout the state of California.  See First. Am. Compl. ("FAC"), Docket Item

7    No. 1, at ¶ 3.  Gary L. Thornhill ("Thornhill") was a life insurance sales agent for American

8    General.  Id. at ¶ 9.  Between 1996 and 2010, Thornhill and American General were sued in at least

9    five different lawsuits for fraud and/or breach of fiduciary duty in connection with Thornhill's sale

10   of American General life insurance policies.  Id. at ¶¶ 17-29.  On or around June 6, 2010, American

11   General terminated Thornhill's ability to sell policies.  Id. at ¶ 29.  Upon his termination, Thornhill

12   was no longer authorized to represent American General.  Id. at ¶ 30.

13   Donna was married to Richard L. Wills ("Richard") until his death in September, 2005 at

14   age 70.  Id. at ¶ 6.  Thornhill became Donna and Richard's financial advisor in 1997.  Id. at ¶ 7.

15   On or around December 1, 1997, Thornhill set up the ECI Welfare Benefit Plan and Trust for

16   Donna and Richard.  Id. at ¶ 8.  The initial trustee for the Plan was Colonia Trust

17   Company/Republic Bank.  Id. at ¶ 14.  On or around April 20, 1998, Thornhill sold Donna and

18   Richard a Joint Survivor Universal Life insurance policy (the "Policy") on behalf of American

19   General.  Id. at ¶ 10.  Upon Richard's death in 2005, Donna became the sole beneficiary under the

20   Plan and the Policy.  Id. at ¶ 12.

21   In or around December 2006, the ECI Welfare Benefit Plan terminated, and Wills

22   Management, LLC Employee Welfare Benefit Plan became the owner of the Policy.  Id. at ¶ 14.  In

23   or around February 2008, Thornhill became the trustee of the Plan.  Id. at ¶ 15.  Thus, by that time,

24   Thornhill was acting as both the servicing agent of the Policy as well as the trustee of the Plan.  Id.

25   Thornhill continued to act as the servicing agent for the Policy even after his termination by

26   American General in June 2010.  Id. at ¶¶ 29-30.

27   In 2008 through 2010, the loans disbursed from the Policy averaged about $8,000 per year.

28   Id. at ¶ 45.  On or around January 28, 2011, Thornhill, as trustee of the Plan, requested that

Case No.: 5:13-cv-05860 EJD
ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**United States District Court**
For the Northern District of California

American General disburse $600,000 from the Policy. <u>Id.</u> at ¶ 31. American General authorized the disbursement as a "loan" to Thornhill, and mailed a check for the net amount of $591,777.53 to him on or around January 31, 2011. <u>Id.</u> On or around October 27, 2011, Thornhill, again as trustee of the Plan, requested that American General disburse $800,000 from the Policy. <u>Id.</u> at ¶ 32. American General authorized the disbursement as a "loan" to Thornhill and mailed him a check for $818,066.37 on or around October 28, 2011. <u>Id.</u> Donna had no knowledge of and did not authorize either loan. <u>Id.</u> at ¶¶ 31-32. Thornhill later admitted to having willfully withdrawn a total of $1,409,843.90 from the Policy for his own personal use and benefit, in breach of his fiduciary duties as trustee. <u>Id.</u> at ¶ 34. Donna was 74 at the time of the withdrawals. <u>Id.</u> at ¶ 44.

On November 18, 2013, Plaintiffs filed the FAC against American General in Santa Clara County Superior Court. American General removed the case on December 18, 2013. This motion followed.

**III.    Legal Standard**

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial." Judgment on the pleadings is proper when "there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." <u>Chavez v. United States</u>, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting <u>Fleming v. Pickard</u>, 581 F.3d 922, 925 (9th Cir. 2009)). The standard for a Rule 12(c) motion is essentially the same as that for a Rule 12(b)(6) motion. <u>Chavez</u>, 683 F.3d at 1108. Thus, a court must presume all facts alleged in the complaint as true, and determine whether the complaint demonstrates a plausible entitlement to a legal remedy. <u>See</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007) (discussing the standard for dismissal under Rule 12(b)(6)).

**IV.    Discussion**

The FAC contains six causes of action against American General: (1) negligence, (2) financial elder abuse in violation of California Welfare and Institutions Code § 15610.30, (3) aiding and abetting Thornhill's breach of fiduciary duty, (4) aiding and abetting Thornhill's fraud, (5) violation of California's Unfair Competition Law ("UCL"), and (6) breach of the implied covenant of good faith and fair dealing. In challenging these causes of action, American General

3

United States District Court
For the Northern District of California

first argues it is insulated from any liability by California Probate Code § 18100.  In addition,

American General argues that Plaintiffs have failed to allege facts sufficient to support the causes

of action asserted in the FAC.  These arguments are addressed below.

**A.    Application of Probate Code § 18100**

The parties dispute whether California Probate Code § 18100 shields American General

from liability for all of Plaintiffs' causes of action.  Probate Code § 18100 states:

> With respect to a third person dealing with a trustee or assisting a
> trustee in the conduct of a transaction, if the third person acts in good
> faith and for a valuable consideration and without actual knowledge
> that the trustee is exceeding the trustee's powers or improperly
> exercising them:
>
> (a) The third person is not bound to inquire whether the trustee has
> power to act or is properly exercising a power and may assume
> without inquiry the existence of a trust power and its proper exercise.
>
> (b) The third person is fully protected in dealing with or assisting the
> trustee just as if the trustee has and is properly exercising the power
> the trustee purports to exercise.

American General believes the scope of § 18100 is broad and protects a third party

involved in any type of transaction with a trustee, so long as the third party acts in good faith and

without actual knowledge that the trustee is exceeding the scope of his or her authority.  In

response, Plaintiffs argue for a more restricted view of the statute's application.  In that regard,

Plaintiffs believe § 18100 shields only "third party purchasers for value," which American General

is not under the facts alleged in the FAC.  In addition, Plaintiffs argue they have asserted plausible

facts demonstrating that American General lacked good faith when it issued the loans at

Thornhill's direction, and had actual knowledge that Thornhill was engaged in fraudulent activities.

The parties disagreement over the applicable scope of § 18100 invites an exercise in

statutory interpretation.  To that end, this court, sitting in diversity, must use its best judgment to

determine how the California Supreme Court would resolve the issue.  See Burlington Ins. Co. v.

Oceanic Design & Constr., Inc., 383 F.3d 940, 944 (9th Cir. 2004).

Case No.: 5:13-cv-05860 EJD
ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

1
2
3
4
5
6
7
8

The rules of statutory interpretation are well-settled, and are designed "to determine the Legislature's intent so as to effectuate the law's purpose." <u>People v. Murphy</u>, 25 Cal. 4th 136, 142 (2001). For this motion, the court need not proceed past the first step of the interpretive process because, under a "plain and commonsense meaning" of § 18100, American General cannot demonstrate what is necessary to invoke the statute's protection in light of Plaintiffs' allegations. See <u>L.A. Cnty. Metro. Transp. Auth. v. Alameda Produce Mkt.</u>, LLC, 52 Cal. 4th 1100, 1106-1107 (2011) (explaining that statutory interpretation begins with the language of the statute, "giving it a plain and commonsense meaning.").

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

According to the first paragraph of § 18100, three elements must be established by a third person for the statute to apply to a particular transaction with a trustee: (1) the third person must have acted in good faith, (2) the third person must have acted for "a valuable consideration," and (3) the third person must have acted without actual knowledge that the trustee was exceeding his or her powers. Focusing on the first and third elements, the allegations in the FAC plausibly establish that American General at least failed to act in good faith, or at most acted with actual knowledge of Thornhill's fiduciary violations, when it issued the two significant disbursements at Thornhill's direction. Indeed, there is a significant amount of circumstantial factual matter that supports the theory that American General knew or should have known of Thornhill's fraudulent conduct. <u>Simi Mgmt. Corp. v. Bank of America, N.A.</u>, 930 F. Supp. 2d 1082, 1099 (N.D. Cal. 2013) ("A plaintiff may prove actual knowledge through inference or circumstantial evidence."). To begin, Plaintiffs allege that American General was named as a defendant in not just one, but several previous litigations involving Thornhill's interactions with other American General clients. Notably, the plaintiffs in at least two of these lawsuits asserted that Thornhill breached his fiduciary duty, and Thornhill was ultimately terminated as an American General representative.

24
25
26
27

Furthermore, Plaintiffs allege that American General ignored an obvious conflict of interest inherent in Thornhill's representation of the Trust, since Thornhill had set up and serviced Donna and Richard's life insurance policy and was thereafter acting as the trustee for that same policy. American General was in a unique position to know of the potential for fraud under these

28

Case No.: 5:13-cv-05860 EJD
ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**United States District Court**
For the Northern District of California

1   circumstances due to its past experience with Thornhill.   In addition, Plaintiffs allege that prior

2   disbursements under the Policy were significantly less that those initiated by Thornhill as trustee.

3        Since the FAC also states that (1) American General acted with knowledge of its prior

4   lawsuits involving Thornhill and (2) must have been aware of the Policy's disbursement history at

5   the time it transacted with Thornhill as trustee, the court is not persuaded by American General's

6   contention that it nonetheless definitively acted without actual knowledge that Thornhill was

7   exceeding his power as trustee, or that it acted with "honesty in belief or purpose" or in

8   "observance of reasonable commercial standard of fair dealing" when it authorized incongruent

9   distributions of over $1.4 million at Thornhill's direction.  Black's Law Dictionary, 808 (10th ed.

10  2014).  That is fatal to the argument that § 18100 bars this action, at least on a motion for judgment

11  on the pleadings.  Chavez, 683 F.3d at 1108 ("Analysis under Rule 12(c) is substantially identical

12  to analysis under Fed. R. Civ. P. 12(b)(6) because, under both rules, a court must determine

13  whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.").[2]

14  Accordingly, American General's request for judgment on the basis of § 18100 is denied.

15        **B.      The Specific Causes of Action**

16        The determination above resolves several other of American General's challenges to the

17  FAC.  Absent application of § 18100, the court rejects American General's argument that the

18  negligence claim fails for lack of a cognizable duty.  Additionally, the claim for breach of the

19  covenant of good faith and fair dealing survives because American General's argument in

20  opposition to that claim was based exclusively on §18100.  Similarly, the allegations in the FAC

21  are sufficient to support the "knowing" element common to the financial elder abuse and aiding

22  and abetting claims.  Accordingly, American General's motion is denied as to these claims as well.

23        What remains is the claim for violation of the UCL.  Plaintiffs assert that American General

24  engaged in unfair business practices by allowing Thornhill to continue to serve as Plaintiffs' loan

25  ───────────────
[2] For a similar reason, the two cases relied upon by American General - Adler v. Manor Healthcare Corp., 7 Cal. App.
26  4th 1110 (1992), and Vournas v. Fidelity National Title Insurance Company, 73 Cal. App. 4th 668 (1999) - do not
    advance American General's argument for application of § 18100 right now.  Both Adler and Vournas involved grants
27  of summary judgment where allegations of defendants' actual knowledge were either absent or unproven.  Here,
    Plaintiffs have asserted sufficient facts to support the theory that American General had actual knowledge of certain
28  information which, if true, would negate the application of § 18100.  The evidence may ultimately show something
    different once discovery is completed, but that analysis should be made at a later time upon a different type of motion.

Case No.: 5:13-cv-05860 EJD
ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

servicing agent, and authorizing his two requests for loans totalling $1.4 million, even though it had previously terminated Thornhill's ability to sell insurance policies "after years of litigation with Thornhill relating to his repeated fraud and breaches of fiduciary duties and despite all the danger signals and red flags."

The UCL proscribes three varieties of competition: "acts or practices which are unlawful, or unfair, or fraudulent." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 618-19 (1993). "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Super. Ct., 27 Cal. App. 4th 832, 838 (1999). "Unfair" practices constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 187 (1999). The "fraudulent" prong under the UCL requires a showing of actual or potential deception to some members of the public, or harm to the public interest. See id. at 180; see also McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457 (2006). The UCL 'borrows' violations of other laws and treats them as unfair business practices under the unlawful prong, and also "makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." Cal-Tech, 20 Cal. 4th at 180.

American General makes a number of arguments in opposition to the UCL claim, some of which are easily dismissed. Probate Code § 18100 does not shield it from liability for this claim - at least at this time - and Plaintiffs have sufficiently pled a claim under the "unlawful" prong to the extent this cause of action relies on financial elder abuse in violation of Welfare and Institutions Code § 15610.30. In addition, the allegations in the FAC clarify that this cause of action does not arise under the fraudulent prong of the UCL. Thus, application of the heightened pleading standard required by Federal Rule of Civil Procedure 9(b) is unnecessary.

As to the "unfair" prong, American General argues Plaintiffs failed to state a claim because it was authorized by law to honor Thornhill's requests as a properly appointed trustee. This prong, however, is not limited solely to violations at law, but can be based on violations of public policy or other conduct that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to

7

consumers." <u>Gregory v. Albertson's, Inc.</u>, 104 Cal. App. 4th 845, 854 (2002).  Here, Plaintiffs plausibly allege such conduct with facts showing that American General's blind reliance on Thornhill's position as a trustee, despite all the "red flags" known to it, constitutes an unfair business practice.

   For these reasons, American General's motion is denied as to the UCL claim.[3]

**V. Order**

   Based on the foregoing, American General's Motion for Judgment on the Pleadings (Docket Item No. 18) is DENIED.

   The Preliminary Pretrial Conference scheduled for September 26, 2014, is VACATED.  On or before **October 3, 2014**, the parties shall submit an Updated Joint Case Management Statement which contains, inter alia, a proposed revised schedule for this action.  The parties' stipulation requesting similar relief (Docket Item No. 25) is TERMINATED AS MOOT.

**IT IS SO ORDERED.**

Dated: September 23, 2014



EDWARD J. DAVILA
United States District Judge

---

[3] American General also correctly contends that Plaintiffs may not obtain nonrestitutionary disgorgement through their UCL claim.  <u>See</u> <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1151-52 (2003).  The court is not persuaded, however, that this limitation on damages is a sufficient reason to dismiss the claim altogether.

Case No.: 5:13-cv-05860 EJD
ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

*United States District Court*
*For the Northern District of California*