1 MICHAEL K. BRISBIN (SBN 169945)
DENNIS J. RHODES (SBN 168417)
2 WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
3 525 Market Street, 17th Floor,
San Francisco, CA 94105-2725
4 Telephone: 415.433.0990
Facsimile: 415.434.1370
5
Attorneys for Defendant and Third-Party Plaintiff
6 AMERICAN GENERAL LIFE INSURANCE
COMPANY
7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS L. WILLS, Successor Trustee of the Wills Management Employment Welfare Benefit Plan; and DONNA WILLS, an individual, and the WILLS FAMILY IRREVOCABLE TRUST II, as beneficiaries of the Wills Management Employment Welfare Benefit Plan,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GENERAL LIFE INSURANCE COMPANY, and DOES 1 through 10, inclusive,<br><br>Defendants | Case No. C-13-05860 EJD<br><br>**THIRD-PARTY COMPLAINT OF DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY** |
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Third-party Plaintiff,<br><br>v.<br><br>GARY L. THORNHILL, an individual, THORNHILL FINANCIAL CORPORATION, THORNHILL ASSURANCE SERVICES, INC., MEDALIST & COMPANY CORP., and DOES 1 – 10, inclusive,<br><br>Third-party Defendants. | |

Defendant and third-party plaintiff, American General Life Insurance Company ("American General"), alleges as follows:

## THE PARTIES

1. American General, a corporation, organized and existing under the laws of the State of Texas, is, and at all times herein mentioned was, a resident of and domiciled in Houston, Texas.

2. Defendant, Gary Thornhill, an individual, ("Thornhill") is citizen and resident of the State of California, who American General is informed and believes and on that basis alleges is living at an address in Santa Clara, California.

3. Defendant Thornhill Financial Corporation ("Thornhill Financial") is a corporation organized under the laws of the State of California, with its principal place of business in Santa Clara, California. American General is informed and believes and thereon alleges that Thornhill is the owner and principal of Thornhill Financial.

4. Defendant Thornhill Assurance Services, Inc. ("Thornhill Assurance") is a corporation organized under the laws of the State of California, with its principal place of business in Santa Clara, California. American General is informed and believes and thereon alleges that Thornhill is the owner and principal of Thornhill Assurance.

5. Defendant Medalist & Company Corp. ("Medalist") is a corporation organized under the laws of the State of California, with its principal place of business in Santa Clara, California. American General is informed and believes and thereon alleges that Thornhill is the owner and principal of Medalist.

6. Defendants Doe 1 through Doe 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to American General. When their true names and capacities are ascertained, American General will amend this complaint by inserting their true names and capacities herein. American General is informed and believes and on that basis alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that American General's damages as herein alleged were proximately caused by those

defendants. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

7. American General is informed and believes and on that basis alleges that each defendant was acting as an agent, servant, partner and/or joint venturer of each of the remaining defendants, and in connection with the matters herein, was acting in the course and scope of such agency. American General is further informed and believes and on that basis alleges that each defendant, while acting as principal, expressly directed, acted with knowledge of, authorized, affirmed, consented to, ratified, encouraged, approved, adopted and/or participated in the acts or transactions of the other defendants.

## FACTUAL ALLEGATIONS

### Allegations Regarding The Policy

8. On or about April 20, 1997, American General issued life insurance policy no. A70001695L ("the Policy"), insuring the lives of Richard L. Wills and Donna M. Wills. The Policy remains in full force and effect as of the date of filing this third-party complaint.

7. The Policy is currently owned by the Wills Management LLC Employee Welfare Benefit Plan ("the Plan"). American General is informed and believes and on that basis alleges that at the date of issuance, Colonia Trust Company and/or Republic Bank &Trust was the trustee of the Plan.

8. American General is informed and believes and on that basis alleges that in or about February 2008, Donna M. Wills, the insured under the Policy, appointed defendant Gary L. Thornhill as trustee of the Plan to replace Republic Bank & Trust.

### Allegations Regarding The First Policy Loan

9. On or about January 26, 2011, defendants Medalist and Thornhill submitted a Policy Cancellation and Disbursement Request Form (the "Disbursement Request"), to American General.

THIRD-PARTY COMPLAINT OF DEFENDANT AND THIRD-PARTY PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY

Medalist and Thornhill submitted the form to obtain a disbursement from the cash value of the Policy in the form of a policy loan in the amount of $600,000.00.

10. In Section F of the Disbursement Request, Thornhill signed the form indicating that the Policy was "Trust Owned" and that he was the authorized signer. Thornhill also signed and dated Section H of the Disbursement Form entitled "Trust Affidavit."

11. Section H of the Disbursement Form provides as follows:

> The undersigned, of lawful age, being first duly sworn, on oath, deposes and says: that our names (sic) are: Gary L. Thornhill. That I/we are the duly designated Trustee(s) of the Wills Mgt LLC Empl Welf Bnft Plan Trust, as evidenced by a written Trust Agreement dated 1-1-2007. Trust is in full force and effect and has not been revoked or terminated. That in our capacity as Trustees, we are making this written request to exercise a right or receive a benefit accorded to us by the Life/Annuity contract issued by American General Life Insurance Company (AGL). That in our capacity as Trustee, we are authorized to exercise the right or receive the benefit aforesaid and AGL, upon acting in conformance with my request, shall have satisfied and be fully discharged of its obligation to the Trust. That the representations and undertakings herein set forth by us are intended to be relied upon by AGL and to induce it to act on my request. In consideration of these premises, I hereby agree to indemnify and save AGL harmless from any and all liability, loss, damage, expense, causes of action, suits, claims, judgments, including attorney fees, resulting from or based upon actions taken by AGL et my request.

12. In addition to submitting the Disbursement Request, Medalist and Thornhill also submitted a "Resolution/Consent to Appoint New Trustee and Direct Transfer of Plan Assets" ("the Resolution"). The Resolution in relevant part stated as follows: "... the Employer has determined that it shall be in the best interest of the Employer and its Eligible employees and Participants, as defined by the Plan, that Republic Bank & Trust shall be removed as Trustee and that Gary Thornhill, an individual, should be appointed successor Trustee to the Plan." American General is informed and believes and on that basis alleges that the Resolution was signed by Donna M. Wills and effective February 12, 2008.

4
THIRD-PARTY COMPLAINT OF DEFENDANT AND THIRD-PARTY PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY

13. To further support the Disbursement Request, Medalist and Thornhill provided American General with a copy of the "Trust Agreement for the Wills Management, LLC Employee Welfare Benefit Plan" ("the Trust Agreement"). The Trust Agreement was by its express terms effective as of January 1, 2007, and was made by and between Wills Management, LLC and Gary Thornhill, an individual as successor to Republic Bank & Trust.

14. At the time of submitting the Disbursement Request, the Resolution and the Trust Agreement, Medalist and Thornhill also provided American General with a letter dated February 8, 2008, to Republic Bank & Trust, reflecting that Gary L. Thornhill was appointed Successor Trustee and that all plan assets were to be transferred to Thornhill. The February 8, 2008 letter was signed by Donna Wills

15. In reliance upon the representations by Medalist and Thornhill by submission of the Disbursement Request, the Resolution, the Trust Agreement and the February 8, 2008 letter, an d in reliance upon the representations of Thornhill in the Trust Affidavit, American General issued a check to Thornhill as trustee of the Trust on or about January 31, 2011, in the amount of $591,777.53. At no time prior to or subsequent to the issuance of the check did Medalist or Thornhhill represent to American General that Thornhill was requesting the disbursement for any purpose other than one intended to benefit the Trust. At no time did Medalist or Thornhill advise or represent to American General that Thornhill was not authorized to withdraw funds from the Policy's cash value.

**Allegations Regarding the Second Policy Loan**

16. On or about October 27, 2011, Medalist and Thornhill submitted a second Disbursement Request to American General, requesting a loan in the amount of $800,000.00. The October 27, 2011 Disbursement Request identified the Plan as the owner of the Policy and Thornhill

as the Trustee of the Plan. The Disbursement Request also contained Sections F and H identical to the sections on the Disbursement Request submitted for the first policy loan, both of which were signed by Thornhill in his capacity as Trustee of the Plan. By signing Section H, Trustee Affidavit, Thornhill represented that he was making the request for a policy loan in his capacity as Trustee of the Plan and that he was duly authorized to make such request.

17. Relying upon the representations by Thornhill in the Disbursement Request dated October 27, 2011, American General issued a check to Thornhill as trustee of the Plan in the amount of $800,000.00 on or about October 27, 2011. At no time did Thornhill represent to American General that he was intending to use the funds for a purpose contrary to the Plan or that he was not authorized to request the disbursement from the Policy's cash value.

**Allegations Regarding Thornhill's Breach of Duty and Breach of Trust**

18. On or about December 6, 2012, American General received a letter from Donna Wills dated November 29, 2012. In the letter, Donna Wills stated that she had discovered Thornhill had taken loans from the Policy of approximately $1.5 million. Donna Wills further requested that Thornhill have no access to Policy funds or information until he could be replaced. Prior to the receipt of this correspondence from Donna Wills, American General had no knowledge that Medalist's and Thornhill's loan requests were not authorized. Based upon this information, American General began an investigation into the loan requests and advised the California Department of Insurance of the complaint against Thornhill by Donna Wills.

19. American General is informed and believes and on that basis alleges that in or about March of 2013, Donna Wills and the Trust obtained a confessed judgment in the Superior Court of the State of California, County of Santa Clara, against Thornhill, Thornhill Financial and Thornhill

Assurance for $2,529,868.90, which American General is further informed and believes and on that basis alleges, includes the amounts of the 2011 loans from the Policy's cash value.

20. On or about November 13, 2013, Thomas L Wills, as successor trustee of the Plan, Donna M. Wills, an individual, and the Wills Family Irrevocable Trust II (collectively referred to hereinafter as "Plaintiffs"), brought an action against American General alleging that American General should be held liable for Thornhill's allegedly unauthorized requests for policy loans on January 26, 2011 and October 27, 2011 ("the underlying action"). In the underlying action, Plaintiffs bring six causes of action against American General for negligence, financial elder abuse, aiding and abetting breach of fiduciary duty, aiding and abetting fraud, unfair business practice and breach of the implied covenant of good faith and fair dealing.

21. American General alleges that it has no liability to Plaintiffs for Thornhill's requests for policy loans made in 2011. American General is informed and believes and on that basis alleges that Thornhill intentionally withheld information which would have alerted American General that he was exceeding his capacity as trustee, that he intended to use the funds for a purpose contrary to the interests of the trust and that that he was exceeding the powers of his office as trustee of the Plan.

### FIRST CLAIM FOR RELIEF
(Fraud)
**Against Defendants Medalist and Thornhill**

22. American General realleges and incorporates by reference paragraphs 1 through 21 above as though fully set forth herein.

23. On January 26, 2011 defendants Medalist and Thornhill submitted a Disbursement Request to American General requesting a policy loan of $600,000.00. In signing Section H of the Disbursement Request, Thonhill attested and represented to American General that that he was duly appointed trustee and was acting within his capacity as Trustee, and was authorized to request the loan. However, American General alleges that Thornhill deliberately and intentionally

7
THIRD-PARTY COMPLAINT OF DEFENDANT AND THIRD-PARTY PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY

misrepresented the true facts to American General, specifically, that he was making the loan request with the intention of using the loan proceeds for his personal use and not for trust purposes. Thornhill's representations that he was authorized and empowered to make the request for a policy loan on January 26, 2011, and his omission of his true intention to defraud the Trust and American General, were relied upon by American General in processing the request and issuing the first loan in the amount of $591,777.53. Had American General known of Thornhill's intention to defraud the Trust and American General, it would not have permitted the loan request to be processed and would not have issued the check.

24. In making the requests for policy loans on October 27, 2011 defendants Medalist and Thornhill submitted a Disbursement Request to American General requesting a policy loan of $800,000.00. In signing Section H of the Disbursement Request, Thonhill attested and represented to American General that that he was duly appointed trustee and was acting within his capacity as Trustee, and was authorized to request the loan. However, American General alleges that Thornhill deliberately and intentionally misrepresented the true facts to American General, specifically, that he was making the second loan request with the intention of using the loan proceeds for his personal benefit and not for trust purposes. Thornhill's representations that he was authorized and empowered to make the request for a policy loan on January 26, 2011, and his omission of his true intention to defraud the trust and American General, were relied upon by American General in processing the request and issuing the second loan in the amount of $900,000.00. Had American General known of Thornhill's intention to defraud the trust and American General, it would not have permitted the loan request to be processed and would not have issued the check.

25. American General is informed and believes and on that basis alleges that defendants Medalist and Thornhill knew that Thornhill's representations to American General in January 2011 and in October 2011 were false. American General further alleges that Thornhill made the representations intentionally, with the intent to defraud American General, and to cause American General to process the loan requests by inducing American General to rely on Thornhills false representations in the Trustee Affidavits and the omission of the facts of Thornhill's true intentions.

26. As a direct and proximate result of the false representations and the omission of material facts, and as a direct result of American General's reliance on these false representation and omission of material facts, American General issued the loans which resulted in the complaint filed by Plaintiffs against American General to recover the amounts of the loans, interest, attorneys' fees, costs, punitive damages and treble damages. American General has incurred additional damages in the form of attorneys' fees and costs associated with defending against the Complaint and for prosecuting its Third-Party Complaint. By reason of the foregoing, American General has been damaged in an amount to be proven at trial for all such compensatory and general damages which proximately resulted from the false representations and omissions as set forth herein.

27. In doing the acts herein alleged, defendants Medalist and Thornhill acted oppressively, fraudulently and maliciously entitling American General to an award of punitive damages.

28. Wherefore, American General prays for judgment as set forth below.

### SECOND CLAIM FOR RELIEF
**(Negligent Misrepresentation)**
**Against Defendants Medalist and Thornhill**

29. American General realleges and incorporates by reference paragraphs 1 through 28 above as though fully set forth herein.

30. On or about January 26, 2011, and on or about October 27, 2011 when defendant Medalist and Thornhill submitted the Disbursement Requests, Medalist and Thornhill lacked a reasonable basis for believing that the representations in the Trustee Affidavit were true. Defendants Medalist's and Thornhill's conduct in submitting the Disbursement Requests to American General and Thornhill's representations in the Disbursement Requests were negligent and made with the intent to induce American General to rely on the representations that the Thornhill was authorized to make the loan requests and that Thornhill was acting within his authority as trustee of the Plan.

31. American General reasonably and justifiably relied on the statements within the Trustee Affidavits submitted by defendants Medalist and Thornhill.

9
THIRD-PARTY COMPLAINT OF DEFENDANT AND THIRD-PARTY PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY

32.     As a direct and proximate result of defendants Medalist's and Thornhill's negligent submission of the Disbursement Requests and the negligent misrepresentations regarding the authority of Thornhill to request the policy loans, and as a direct and proximate result of American General's reliance on defendant Medalist's and Thornhhill's negligent conduct and misrepresentations, American General has been sued by Plaintiffs for the amounts of the loans, interest, attorneys' fees, costs, punitive damages and treble damages. American General has incurred additional damages in the form of attorneys' fees and costs in defending against the Complaint and prosecuting this third-party complaint. By reason of the foregoing, American General has been damaged in an amount to be proven at trial for all such compensatory and general damages which proximately resulted from the negligent misrepresentations and omissions as set forth herein.

33.     Wherefore, American General prays for judgment as set forth below.

### THIRD CLAIM FOR RELIEF
**(Negligence)**
**Against Defendants Medalist and Thornhill**

34.     American General realleges and incorporates by reference paragraphs 1 through 33 above as though fully set forth herein.

35.     As Trustee of the Plan with the powers provided to Thornhill under the trust agreement, Thornhill had a duty to American General to refrain from any act that would expose American General to liability for the trustee's unauthorized actions. In addition, by virtue of executing the Trustee Affidavit, Thornhill assumed a duty to American General to engage in no act which would expose American General to liability for any unauthorized conduct on the part of the Trustee.

36.     Defendant Medalist had a duty to American General to refrain from any conduct or actions which would or could expose American General to liability for Thornhill's unauthorized actions.

THIRD-PARTY COMPLAINT OF DEFENDANT AND THIRD-PARTY PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY

37. In taking unauthorized policy loans from the cash value of the Policy, Thornhill breached his duty to American General. In addition, by submitting the Disbursement Forms which Medalist knew or should have known contained false statements, Medalist breached its duty to American General.

38. As a result of the breaches by defendants Medalist and Thornhill, Plaintiff have filed their Complaint against American General seeking recovery of the amounts of the loans, interest, attorneys' fees, costs, punitive damages and treble damages. American General has incurred additional damages in the form of attorneys' fees and costs in defending against the Complaint and prosecuting this third-party complaint. By reason of the foregoing, American General has been damaged in an amount to be proven at trial for all such compensatory and general damages which proximately resulted from the negligent misrepresentations and omissions as set forth herein.

39. Wherefore, American General prays for judgment as set forth below.

## FOURTH CLAIM FOR RELIEF
### (Express Contractual Indemnity)
### Against Defendant Thornhill

40. American General realleges and incorporates by reference paragraphs 1 through 39 above as though fully set forth herein.

41. In the Trustee Affidavit, Thornhill agreed to "indemnify and save AGL harmless from any and all liability, loss, damage, expense, causes of action, suits, claims, judgments, including attorney fees, resulting from or based upon actions taken by AGL at my (Thornhill's) request."

42. As a direct, proximate, and foreseeable result of the policy loans made at Thornhill's request, American General has, and will continue to, incur claims, damages, and injury, in an amount to be proven at trial.

44. American General is entitled to indemnity from and against all claims, damages, and injury arising from Thornhill's request for policy loans on January 26, 2011 and October 27, 2011.

45. Wherefore, American General prays for judgment as set forth below.

11
THIRD-PARTY COMPLAINT OF DEFENDANT AND THIRD-PARTY PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY

## FIFTH CLAIM FOR RELIEF
### (Comparative and Equitable Indemnity)
### Against All Defendants

46. American General realleges and incorporates by reference paragraphs 1 through 45 above as though fully set forth herein.

47. American General is informed and believes and on that basis alleges that in taking the policy loans from the Policy's cash value on January 26, 2011 and October 27, 2011, Thornhill intended to benefit himself, as well as defendants Medalist, Thornhill Financial and Thornhill Assurance. American General is further informed and believes and thereon alleges that Plaintiffs' judgment obtained in March 2013 is against defendants Thornhill, Thornhill Financial and Thornhill Assurance.

48. The allegedly unauthorized policy loans directly, proximately, and foreseeably resulted in damages to American General to be proven at trial.

49. Defendants' actions in connection with the Disbursement Requests and the resulting loans were the cause of the damages to American General and to which American General is exposed by virtue of Plaintiffs' Complaint.

50. American General is entitled to equitable indemnity from Defendants for all damages arising out of the Disbursement Requests and policy loans made ath Thornhill's request on January 26, 2011 and October 27, 2011.

51. Wherefore, American General prays for judgment as set forth below.

## SIXTH CLAIM FOR RELIEF
### (Contribution)
### Against All Defendants

52. American General realleges and incorporates by reference paragraphs 1 through 51 above as though fully set forth herein.

53. If American General has suffered any damages as a result of Thornhill's allegedly unauthorized withdrawals, or any breach of contract or negligence in processing Thornhill's loan

THIRD-PARTY COMPLAINT OF DEFENDANT AND THIRD-PARTY PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY

requests as alleged in Plaintiffs' Complaint, such damage was caused by the negligence and/or other fault of Thornhill, Thornhill Financial, Thornhill Assurance, Medalist, and/or others for whom American General is not liable.

54. In the event American General is found liable to Plaintiffs or any other party relating to the policy loans as alleged in Plaintiffs' Complaint, then American General is entitled to judgment against Thornhill, Thornhill Financial, Thornhill Assurance, Medalist and any other at-fault party for common law contribution based on the negligence, breach of contract, breach of trust, or other fault of said parties.

55. Wherefore, American General prays for judgment as set forth below.

**PRAYER FOR RELIEF**

**WHEREFORE**, American General prays for judgment in its favor and against Defendants as follows:

AS TO THE FIRST CLAIM FOR RELIEF:

1. For compensatory and general damages according to proof;

2. For punitive damages;

3. For American General's attorneys' fees and costs of suit incurred herein;

4. For pre- and post-judgment interest as allowed by contract or law; and

5. For such other and further relief as the Court may deem just, equitable, and proper.

AS TO THE SECOND CLAIM FOR RELIEF:

1. For compensatory and general damages according to proof;

2. For American General's attorneys' fees and costs of suit incurred herein;

3. For pre- and post-judgment interest as allowed by contract or law; and

4. For such other and further relief as the Court may deem just, equitable, and proper.

AS TO THE THIRD CLAIM FOR RELIEF:

1. For compensatory and general damages according to proof;

2. For American General's attorneys' fees and costs of suit incurred herein;

3. For pre- and post-judgment interest as allowed by contract or law; and

4. For such other and further relief as the Court may deem just, equitable, and proper.

AS TO THE FOURTH CLAIM FOR RELIEF:

1. For compensatory and general damages according to proof;

2. For American General's attorneys' fees and costs of suit incurred herein;

3. For pre- and post-judgment interest as allowed by contract or law; and

4. For such other and further relief as the Court may deem just, equitable, and proper.

AS TO THE SIXTH CLAIM FOR RELIEF:

1. For compensatory and general damages according to proof;

2. For American General's attorneys' fees and costs of suit incurred herein;

3. For pre- and post-judgment interest as allowed by contract or law; and

4. For such other and further relief as the Court may deem just, equitable, and proper.

Date: October 29, 2014  WILSON, ELSER, MOSKOWITZ,
　　　　　　　　　　　　　　　　EDELMAN & DICKER LLP

　　　　　　　　　　　　　　By: /s/ Dennis J. Rhodes
　　　　　　　　　　　　　　　　Michael K. Brisbin
　　　　　　　　　　　　　　　　Dennis J. Rhodes
　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　AMERICAN GENERAL LIFE INSURANCE COMPANY