Maria S. Bellafronto, Bar No. 161994
mbellafronto@hopkinscarley.com
Aleksandr Korzh, Bar No. 286613
akorzh@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 S. First Street
San Jose, CA 95113-2406

***mailing address:***
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorney for Plaintiffs SOUTH DAKOTA TRUST COMPANY as Trustee of the Donna Wills 2014 Irrevocable Trust, and DONNA M. WILLS, an individual

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SOUTH DAKOTA TRUST COMPANY, Trustee of the Donna Wills 2014 Irrevocable Trust, and DONNA M. WILLS, an individual,

Plaintiffs

v.

AMERICAN GENERAL LIFE INSURANCE COMPANY,

Defendant.

Case No. CV 13 05860 EJD

**PLAINTIFFS' NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| DATE: | December 3, 2015 |
| TIME: | 9:00 a.m. |
| COURTROOM: | Courtroom 4, 5th Floor |
| JUDGE: | Edward J. Davila |

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1

II. STATEMENT OF RELEVANT FACTS ..... 2

A. Donna Wills And Her Husband, Richard Wills, Set Up A Financial And Estate Plan That Included An American General Life Insurance Policy ..... 2

1. Cash Value ..... 3

2. Death Benefit ..... 3

B. Shortly After American General Terminated Thornhill's Agency Appointment, Thornhill Misappropriated Approximately $1.4 Million From The Cash Value Of The Wills' Policy ..... 4

C. The Fraudulent Loans Continue Endanger The Viability Of The Policy And The Value Of The Death Benefit ..... 4

D. In 2014, The Policy Was Transferred From The Wills Welfare Benefit Plan To Donna Wills, Individually, Before She Transferred It To Her Trust ..... 5

E. Donna Wills Is The Only Person With The Ability To Replenish The Missing Funds And Prevent The Policy From Collapsing ..... 5

III. ARGUMENT ..... 5

A. Legal Standard For Summary Judgment ..... 5

B. Plaintiffs Are Entitled To Summary Judgment Against American General On Its 22nd and 25th Affirmative Defenses ..... 6

1. The Undisputed Material Facts Establish That Donna Wills Has Standing As A Matter Of Law Because She Was And Continues To Be Harmed By The Misappropriation Of Funds From The Policy That Has Placed The Continued Viability Of The Policy In Danger ..... 6

a. If The Policy Prematurely Lapses, Donna Wills' Promissory Note Will Not Be Repaid ..... 8

b. Donna Wills Has Been Harmed Because She Is The Person Who Will Have To Replenish The Cash Value To Protect The Death Benefit ..... 9

2. Plaintiffs' Harm Is Fairly Traceable To American General's Actions ..... 9

3. Donna Wills' Harm Can Be Redressed By A Favorable Decision ..... 10

IV. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page**

## Cases


*Baker v. Carr*,
369 U.S. 186 (1962) ... 7

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ... 5

*Cent. Arizona Water Conservation Dist. v. U.S. E.P.A.*,
990 F.2d 1531 (9th Cir. 1993) ... 8

*Cent. Delta Water Agency v. United States*,
306 F.3d 938 (9th Cir. 2002) ... 8

*Clinton v. City of New York*,
524 U.S. 417 (1998) ... 8

*Davis v. Passman*,
442 U.S. 228 (1979) ... 9

*Doe v. Chao*,
540 U.S. 614 (2004) ... 7

*Equity Lifestyle Props., Inc. v. County of San Luis Obispo*,
548 F.3d 1184 (9th Cir.2008) ... 7

*In re Facebook Privacy Litig.*, 791 F. Supp.
2d 705 (N.D.Cal.2011) ... 7

*Krottner v. Starbucks Corp.*,
628 F.3d 1139 (9th Cir. 2010) ... 8

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992) ... 7, 9

*Morris v. Choicepoint Servs., Inc.*,
No. C-06-1224 SC, 2006 WL 2479122 (N.D. Cal. Aug. 28, 2006) ... 7, 8

*Noveletsky v. Metro. Life Ins. Co.*,
No. 2:12-CV-00021-NT, 2013 WL 2945058 (D. Me. June 14, 2013) ... 9

*Protocols, LLC v. Leavitt*,
549 F.3d 1294 (10th Cir. 2008) ... 8

*Shwarz v. U.S.*,
234 F.3d 428 (9th Cir. 2000) ... 6

*Simon v. Eastern Kentucky Welfare Rights Organization*,
426 U.S. 26 (1976) ... 7

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
809 F.2d 626 (9th Cir. 1987) ... 6

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*,
454 U.S. 464 (1982) ... 7

## TABLE OF AUTHORITIES
**(continued)**

**Page**

### Rules

Federal Rules of Civil Procedure, Rule 56 .......... 1, 5
Federal Rules of Civil Procedure, Rule 56(a) .......... 5
Federal Rules of Civil Procedure, Rule 56(c) .......... 5

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 3, 2015, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 4 on the 5th Floor of the United States District Court for the Northern District of California located at 280 South 1st Street, San Jose, CA 95113, Plaintiffs South Dakota Trust Company, as Trustee of the Donna Wills 2014 Irrevocable Trust ("SDTC"), and Donna M. Wills, an individual (collectively, "Plaintiffs") will and hereby do move this Court pursuant to Rule 56 of the Federal Rules of Civil Procedure for partial summary judgment against American General Life Insurance Company ("American General") on its twenty-second and twenty-fifth affirmative defense ("22nd and 25th Affirmative Defenses").

This Motion for Partial Summary Judgment (the "Motion") is based on this Notice, the Memorandum of Points and Authorities below, the Request for Judicial Notice, the Declarations of Richard Weber, Donna M. Wills and Maria S. Bellafronto, all filed concurrently herewith, the pleadings and other records on file with the Court, any oral argument of counsel at the hearing on this Motion, all relevant matters judicially noticeable, and such further evidence and argument as the Court may consider.

## RELIEF SOUGHT

Plaintiffs request that this Court grant partial summary judgment against American General on its 22nd and 25th Affirmative Defenses which alleges that the only party with standing to assert a claim against American General for purported damages related to American General's life insurance policy is the policy's designated owner, plaintiff SDTC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The only question for this court to decide is whether Donna Wills, individually, was harmed after $1.4 million was stolen out of an American General life insurance policy owned by her trust. The answer is yes, because Ms. Wills must replenish the stolen funds in order to avoid grave harm to her and the policy she bargained for. Indeed, there is a risk of the policy prematurely collapsing if the funds are not replenished. Given this undisputed risk of harm to the

policy, Donna Wills will be harmed in two distinct ways. First, if the policy prematurely lapses, there will be no funds to repay a promissory note for $3,284,509.00 executed by Ms. Wills trust to purchase the policy from her in 2014. Second, Donna Wills is the only person who can replenish the missing funds to prevent the policy from collapsing and to stop the accrual of interest on the fraudulent loans. Ms. Wills' trust, which currently owns the policy, does not have sufficient assets that can be used to repay the fraudulent loans currently outstanding on the policy. It is undisputed that there are no other persons or entities currently able and willing to repay the fraudulent loans. Therefore, in order to stop the accrual of interest and risk of premature lapse of the policy, Donna Wills is the only person in the position to repay the fraudulent loans. Accordingly, despite American General's ill-fated attempt to divorce Ms. Wills from her own money, estate and claims asserted in this action, the reality is that she has been and continues to be directly harmed as a result of the Fraudulent Loans and, therefore, she has standing to bring the causes of action against American General.

## II. STATEMENT OF RELEVANT FACTS

### A. Donna Wills And Her Husband, Richard Wills, Set Up A Financial And Estate Plan That Included An American General Life Insurance Policy

In 1975, Donna and Richard Wills purchased D&H Manufacturing, a company specializing in high precision machined parts and mechanical assemblies. (Declaration of Donna M. Wills In Support Of Plaintiffs' Motion For Partial Summary Judgment ["Wills Decl."], ¶2). When they bought D&H Manufacturing, the company had only 5 employees. (*Id.*) Over the course of the next 30 years, Donna and Richard worked tirelessly to build and grow the business. (*Id.*) At one point, the company had over 275 employees. (*Id.*)

In 1997, Donna and her husband met Gary Thornhill. (Wills Decl. ¶3). Thornhill was a licensed insurance agent for defendant American General in or around 1997-1998. (Request for Judicial Notice In Support of Motion for Partial Summary Judgment ["RJN"], at Exhibit ["Exh."] 2, Answer of Defendant American General Life Insurance Company to Plaintiff's Second Amended Complaint ["Answer"], ¶8). With Mr. Thornhill's assistance, Donna and Richard began developing and revising their financial and estate plan. (Wills Decl. ¶3). As part of the

financial and estate planning process, Gary Thornhill recommended and sold them American General Policy #A70001695L (insuring the lives of Richard and Donna Wills with a death benefit of $15,400,000 as well as a cash value component) (the "Policy"). (Wills Decl. ¶3, Exh. A [Policy]; RJN, Exh. 3, Updated Joint Case Management Conference Statement ["CMC Statement"], §15, p. 6). The Policy issued on or about April 21, 1998. (*See id.)*

The owner of the Policy in 1998 was the ECI Plan, and Colonial Trust Company (and later, Republic Bank) was the trustee. (RJN, Exh. 3 [CMC Statement], ¶15, p. 6; Wills Decl., ¶4). In or around the mid-2000s, after many decades growing D&H Manufacturing, Richard and Donna Wills decided to sell the company due to Richard Wills' serious health issues. (Wills Decl., ¶4). Around this time, at Thornhill's recommendation, the Wills formed a new entity called Wills Management, LLC Employee Welfare Benefit Plan (the "Wills Welfare Benefit Plan"). (*Id.*) The Policy was then transferred from the ECI Plan to the Wills Welfare Benefit Plan. (*Id.*)

In or around 2008, Gary Thornhill suggested that he be appointed trustee of the Welfare Benefit Plan in place of Republic Bank. (Wills Decl., ¶6, Exh. B). Based on his suggestion, Thornhill replaced Republic Bank as trustee of the Wills Welfare Benefit Plan. (*Id.*)

**1. Cash Value**

The Policy contains a Cash Value that was initially funded by three annual premium payments of $1 million each made by Richard and Donna Wills, through their entity, D&H Manufacturing ("Cash Value"). (*See* Wills Decl., Ex. A [Policy]). The Cash Value sustains the $15.4 million death benefit pursuant to the terms of the Policy. (*Id.*) As explained more fully below, the amount of money in the Cash Value is critical to the viability of the death benefit under the Wills' Policy.

**2. Death Benefit**

The Policy also provides for a death benefit in the amount of $15.4 million (the "Death Benefit"). (RJN, Exh. 2 [Answer] at ¶9). Richard Wills passed away on September 27, 2005 leaving Donna as the sole insured under the Policy. (Wills Decl., ¶5) After Richard Wills' death in September 2005, Donna Wills became the remaining insured under the Policy. (RJN, Exh. 2

[Answer] at ¶11).

The Policy owner is permitted to take loans against the Policy, however, if the total amount of the outstanding loans ever exceeds the Cash Value of the Policy, the Policy will lapse unless the loans are repaid or additional premiums are paid into the Policy. (*See* Wills Decl., Exh. A [Policy] at pp. 13 and 15). Similarly, the Policy also lapses if the Cash Surrender Value (Cash Value less any outstanding loans) on the day maintenance fees are due is not sufficient to pay for the fees due. (*Id*. at p. 13). If the Policy lapses and is not restored during the permitted grace period, the death benefit is permanently lost. (*See id*.)

### B. Shortly After American General Terminated Thornhill's Agency Appointment, Thornhill Misappropriated Approximately $1.4 Million From The Cash Value Of The Wills' Policy

Less than a year after Thornhill was terminated by American General, on January 28, 2011, he stole $591,178 from the Cash Value of Donna Wills' Policy. (RJN, Exh. 4, ["Confession of Judgment"] p. 3:10-14; RJN, Exh. 3 [CMC Statement], §15, p. 7). Nine months later, on October 27, 2011, Thornhill stole another $818,066 from the Cash Value. (*Id*.). In total, Thornhill misappropriated approximately $1.4 million in "loans" from the Wills' Policy for his own personal use and benefit (together, the "Fraudulent Loans"). (*Id*.). The Fraudulent Loans continue to accrue interest until they are repaid. (RJN, Exh. 2 [Answer] at ¶32). Although Thornhill admitted his wrongdoing and Donna Wills obtained a Confession of Judgment against him, the funds have not been replenished. (*Id*.)

### C. The Fraudulent Loans Continue Endanger The Viability Of The Policy And The Value Of The Death Benefit

The Fraudulent Loans have decreased the length of time that the Policy will remain viable. (Weber Decl. ¶5; Bellafronto Decl., Ex. A, B). Had the Fraudulent Loans not been made, the Policy would last years longer before lapsing. (*Id*.) In addition, the Fraudulent Loans continue to accrue interest. (RJN, Exh. 2 [Answer] at ¶32) If the Fraudulent Loans are not repaid before Mrs. Wills dies, they will be repaid out of the Death Benefit, with interest. (Weber Decl. ¶7). Therefore, as long as the Fraudulent Loans remain unpaid, they effectively continue to decrease the value of the Death Benefit.

### D. In 2014, The Policy Was Transferred From The Wills Welfare Benefit Plan To Donna Wills, Individually, Before She Transferred It To Her Trust

In 2014, based on the advice of Donna Wills' financial advisors, ownership of the Policy was transferred from the Wills Welfare Benefit Plan to Donna Wills, individually. (Wills Decl., ¶8, Ex. C). The transfer resulted in an additional significant tax liability that Ms. Wills had to pay. (Wills Decl., ¶8). Ms. Wills then sold the Policy to the Donna Wills 2014 Irrevocable Trust dated May 7, 2014 ("Wills 2014 Trust") under a written purchase and sale agreement in exchange for a promissory note for $3,284,509.00. (Wills Decl., ¶8, Exh. D and Exh. E).

### E. Donna Wills Is The Only Person With The Ability To Replenish The Missing Funds And Prevent The Policy From Collapsing

The Wills 2014 Trust does not have sufficient assets that can be used to repay the fraudulent loans currently outstanding on the Policy. (Wills Decl. ¶10). There are no other persons or entities currently able and willing to repay the fraudulent loans. (*Id.*) As a result, in order to stop the accrual of interest and risk of premature lapse of the Policy, Donna Wills is the only person in the position to repay the fraudulent loans. Moreover, if the Policy prematurely lapses, the death benefit will not be paid. (*Id.*) If this occurs, there will not be sufficient funds to repay the promissory note for $3,284,509.00 owed by the Wills 2014 Trust.

## III. ARGUMENT

### A. Legal Standard For Summary Judgment

A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. *See* Fed. R. Civ. P. 56(a). Summary judgment should be granted where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate an absence of any genuine issues of material fact, the burden of production then shifts so that the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *T.W. Elec. Serv., Inc. v.*

*Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (internal citations omitted). "When the nonmoving party has the burden of proof at trial, the party moving for summary judgment need only demonstrate that there is an absence of evidence to support the nonmoving party's case. *Shwarz v. U.S.*, 234 F.3d 428, 436 (9th Cir. 2000) (internal quotations omitted).

Plaintiffs are entitled to judgment on American General's 22nd and 25th Affirmative Defenses because there is no genuine dispute as to any material fact establishing such defense. As set forth more fully below, Plaintiffs can establish that as a matter of law, Donna M. Wills has standing to assert the claims asserted in the SAC notwithstanding the fact that the designated owner of the Policy is SDTC.

### B. Plaintiffs Are Entitled To Summary Judgment Against American General On Its 22nd and 25th Affirmative Defenses

American General's 22nd Affirmative Defense provides:

> American General alleges that Plaintiffs lack standing to pursue representative claims for unfair competition. American General, therefore, alleges on information and belief that Plaintiffs lack standing to pursue some or all of the claims for relief set forth in the Complaint.

(RJN, Exh. 2 [Answer]).

American General's 25th Affirmative Defense provides:

> As and for its twenty-fifth affirmative defense, American General alleges that the only party with standing to assert a claim against American General for purported damages related to the Policy's cash value is the Policy's designated owner.

(*Id.*)

Commencing in July 2014, the current owner of the Policy changed from Donna Wills to SDTC, as Trustee of the Donna Wills 2014 Trust. Accordingly, American General has taken the position that Donna Wills lacks standing to sue because she is no longer the designated owner of the Policy. (*Id.*) However, American General is incorrect because Donna Wills has been harmed as a result of the Fraudulent Loans and therefore has standing to sue.

#### 1. The Undisputed Material Facts Establish That Donna Wills Has Standing As A Matter Of Law Because She Was And Continues To Be Harmed By The Misappropriation Of Funds From The Policy That Has Placed The Continued Viability Of The Policy In Danger

Standing requires three elements: (1) an injury in fact; (2) causation; and (3) likelihood

that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). "(T)he gist of the question of standing" is whether plaintiffs have "alleged such a personal stake in the outcome … as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends…" *Baker v. Carr*, 369 U.S. 186, 204 (1962). Notably, "standing is not measured by the intensity of the litigant's interest or the fervor of his advocacy." *See Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 486 (1982). When a plaintiff's standing is brought into issue the relevant inquiry is whether, assuming justiciability of the claim, "the plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision." *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38 (1976).

"The jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Props., Inc. v. County of San Luis Obispo*, 548 F.3d 1184, 1189 n. 10 (9th Cir.2008). Thus, "[a] plaintiff may satisfy the injury-in-fact requirements to have standing under Article III, and ... may be able to 'bring a civil action without suffering dismissal for want to standing to sue,' without being able to assert a cause of action successfully." *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 712 n. 5 (N.D.Cal.2011) (*quoting Doe v. Chao*, 540 U.S. 614, 624–25 (2004)).

American General cannot escape the fact that the Fraudulent Loans have placed the Policy at risk of prematurely lapsing and, even if the Policy does not lapse, interest continues to accrue on the Fraudulent Loans and will have to be paid out of the Death Benefit under the Policy. Ms. Wills is harmed by these facts in two ways: (1) if the Policy prematurely lapses, Ms. Wills' note will not be repaid as the current owner of the Policy has no other assets; and (2) Ms. Wills is the only person willing and able to repay the Fraudulent Loans to prevent further and potential future harm to the Policy. As a result, Ms. Wills has been and continues to be directly harmed as a result of the Fraudulent Loans and, therefore, she has standing to bring the causes of action against American General.

Plaintiffs anticipate that American General will rely on *Morris v. Choicepoint Servs., Inc.*, No. C-06-1224 SC, 2006 WL 2479122, at *3 (N.D. Cal. Aug. 28, 2006) to support their argument

that Ms. Wills has no standing to bring her claims. In *Morris*, that could explained that with respect to property owned by a trust, only the trustee of the trust, "*not* the beneficiary, has legal title to the assets of a trust and is therefore the real party in interest" to bring suit for damage to trust property. The present case is plainly distinguishable. Under *Morris*, a beneficiary does not have standing, but the trustee does. Here, Ms. Wills is not arguing that she has standing as either a beneficiary or a trustee. Instead, as set forth more fully below, Plaintiffs contend that Ms. Wills has standing based on her own *independent injury that she has suffered* as a result of American General's conduct as alleged in the SAC. Therefore, *Morris* is inapposite.

**a. If The Policy Prematurely Lapses, Donna Wills' Promissory Note Will Not Be Repaid**

Increased risk of likely harm is sufficient to establish requisite injury in fact for standing purposes. *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1140 (9th Cir. 2010) (in negligence suit against employer, employees' allegation that theft of company laptop in which their personal information was stored subjected them to increased risk of future identity theft found sufficient to confer standing). A contingent liability may also constitute injury in fact where it has actual and imminent consequences. *See Clinton v. City of New York*, 524 U.S. 417, 431 (1998) ("a substantial contingent liability immediately and directly affects the borrowing power, financial strength, and fiscal planning of the potential obligor."); *Protocols, LLC v. Leavitt*, 549 F.3d 1294, 1299 (10th Cir. 2008). In addition, threatened injury constitutes "injury in fact." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 947-48 (9th Cir. 2002). Finally, "sufficiently concrete and imminent" economic injury confers standing even if the precise amount of "economic harm is not readily determinable." *Cent. Arizona Water Conservation Dist. v. U.S. E.P.A.*, 990 F.2d 1531, 1537-38 (9th Cir. 1993).

As explained above, the Fraudulent Loans have placed the Policy in jeopardy of prematurely lapsing, which is not something that the Wills bargained for when purchasing the Policy. Under the Wills 2014 Trust and the terms of the Promissory Note Ms. Wills received when she sold the Policy to the Wills 2014 Trust, the Promissory Note is repaid using the Death Benefit under the Policy. If the Policy lapses, there will be no Death Benefit. The Wills 2014

Trust has no other assets that it could use to repay the Promissory Note. As a result, if the Policy lapses, the Promissory Note will never be repaid. Therefore, the Fraudulent Loans have directly resulted in an increased risk of direct harm to Ms. Wills meeting the injury-in-fact element of standing. *See Noveletsky v. Metro. Life Ins. Co.*, No. 2:12-CV-00021-NT, 2013 WL 2945058, at *1 (D. Me. June 14, 2013) (holding that trustor has standing to assert cause of action for harm distinct from harm caused directly to the trust as a result of purchase of unsuitable life insurance policy).

**b. Donna Wills Has Been Harmed Because She Is The Person Who Will Have To Replenish The Cash Value To Protect The Death Benefit**

In order to avoid the harm of continuing compounding interest on the Fraudulent Loans and the risk of a premature lapse of the Policy, the Fraudulent Loans must be repaid. As explained above, the Policy was purchased as part of Ms. Wills and her late husband's financial and estate planning. If the Policy lapses, the Death Benefit that forms an essential part of her financial and estate plan will vanish. Short of a judgment against American General, there is no one else who is willing and able to repay the Fraudulent Loans other than Ms. Wills. Therefore, in order to stop the continuing harm and risk of premature collapse of the policy, Ms. Wills will have to repay the Fraudulent Loans and suffer a direct financial harm.

**2. Plaintiffs' Harm Is Fairly Traceable To American General's Actions**

For purposes of standing, the "causation" element is met where it can be shown that there is a "connection between the injury and the conduct complained of – the injury has to be 'fairly trace[able] to the challenged action of the defendant and not injury that results from the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560.

In this case, Plaintiffs have alleged that but for American General's conduct, the funds would not have been stolen and Ms. Wills would not have been harmed. *See Davis v. Passman*, 442 U.S. 228, 239 (1979) ("And under the criteria we have set out, petitioner clearly has standing to bring this suit. If the allegations of her complaint are taken to be true, she has shown that she 'personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'"). Specifically, Ms. Wills' harm can be fairly traceable to American

General's negligence and failure to adhere to its own policies and practices in the insurance industry, as set forth in its SAC. If Plaintiffs are successful on the merits of their claims, they will have proven that American General's conduct caused their harm. Therefore, Plaintiffs have met the causation element and the Court should grant summary judgment in favor of Plaintiffs on American General's twenty-second and twenty-fifth affirmative defenses challenging standing.

**3. Donna Wills' Harm Can Be Redressed By A Favorable Decision**

A favorable decision in this case will sufficiently redress the harm to Ms. Wills described above. A judgment awarding damages to Ms. Wills will allow her to repay the loans currently outstanding on the Policy or compensate her for any funds she expends to repay the loans prior to entry of judgment. Therefore, Ms. Wills has met the redressability element and she has standing to bring the causes of action alleged in the SAC.

## IV. CONCLUSION

For the reasons above, Donna Wills has been and continues to be harmed by the theft of funds from the Policy. As a result, she is a proper plaintiff and has standing to bring the causes of action alleged against American General. Accordingly, the Court should grant Plaintiffs' Motion.

Dated: October 29, 2015

HOPKINS & CARLEY
A Law Corporation

By: *\/s/ Maria S. Bellafronto*
Maria S. Bellafronto
Aleksandr Korzh
Attorneys for Plaintiffs