Jodi K. Swick, No. 228634
**EDISON McDOWELL & HETHERINGTON LLP**
1 Kaiser Plaza, Suite 1010
Oakland, CA 94612
Telephone: 510.628.2145
Facsimile: 510.628.2146
Email: jodi.swick@emhllp.com

David T. McDowell (admitted *pro hac vice*)
Jessica L. Wilson (admitted *pro hac vice*)
Andrew R. Kasner (admitted *pro hac vice*)
**EDISON McDOWELL & HETHERINGTON LLP**
3200 Southwest Freeway, Suite 2100
Houston, TX 77027
Tel: 713.337.5580
Fax: 713.337.8850
Email: david.mcdowell@emhllp.com
jessica.wilson@emhllp.com
andrew.kasner@emhllp.com

Attorneys for Defendant/Third-Party Plaintiff
AMERICAN GENERAL LIFE INSURANCE COMPANY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

SOUTH DAKOTA TRUST COMPANY, trustee of the Donna Wills 2014 Irrevocable Trust II, and DONNA M. WILLS, an individual,

Plaintiffs,

vs.

AMERICAN GENERAL LIFE INSURANCE COMPANY, and DOES 1-10, inclusive,

Defendants,

and

RELATED THIRD PARTY COMPLAINT

Third-party Defendants.

Case No. C-13-05860 EJD

**DEFENDANT AMERICAN GENERAL LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**FED R. CIV. P. 56**

Date: December 3, 2015
Time: 9:00 a.m.
Courtroom: Courtroom 4, 5th Fl.
Judge: Hon. Edward J. Davila

Supporting Documents:

1. Responsive Separate Statement
2. Supplemental Declaration of Andrew R. Kasner and Accompanying Exhibits
3. [Proposed] Order

**TABLE OF CONTENTS**

I. INTRODUCTION ........ 4
II. FACTS ........ 4
A. The Policy's Ownership History ........ 4
B. Donna Wills Appoints Thornhill as Plan Trustee ........ 5
C. Thornhill Steals $1.4 Million from the Plan ........ 5
D. The Policy's Status Today ........ 6
III. LEGAL ARGUMENT ........ 7
A. Donna Wills Lacks Standing ........ 7
1. Donna Wills' Alleged Injuries are Speculative ........ 8
2. American General Did Not Cause Donna Wills' Alleged Injuries ........ 9
3. A Favorable Verdict Does Not Redress Donnas Wills' Alleged Injuries ........ 10
B. SDTC is the Only Proper Plaintiff ........ 10
C. Donna Wills' Claims are Not Ripe for Adjudication ........ 11
IV. CONCLUSION ........ 12

## TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Gardner*,
387 U.S. 136, 87 S. Ct. 1507, 18 L.Ed.2d 681 (1967) ........ 9
*Alcoa, Inc. v. Bonnevill Power Admin.*,
698 F.3d 774 (9th Cir. 2012) ........ 8
*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010) ........ 8
*Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*,
--- F.3d ---, No. 12-17530, 2015 WL 5451484 (9th Cir. Sept. 17, 2015) ........ 4
*Hollingsworth v. Perry*,
133 S. Ct. 2652 (2013) ........ 4
*In re Tower Park Properties, LLC*,
803 F.3d 450 (9th Cir. 2015) ........ 8
*King v. Nat'l Gen. Ins. Co.*,
--- F.Supp.3d ---, No. 15-cv-00313 (DMR),
2015 WL 5440826 (N.D. Cal. Sept. 15, 2015) ........ 5, 8
*Klamath Water Users Protective Ass'n v. Patterson*,
204 F.3d 1206 (9th Cir. 1999) ........ 8
*Kremem v. Cohen*,
337 F.3d 1024 (9th Cir. 2002) ........ 7
*Kursi v. Bear, Stearns & Co.*,
144 Cal. App. 3d 664, 192 Cal. Rptr. 793 (1983) ........ 4
*Name.Space, Inc. v. Internet Corp. for Assigned Named and Numbers*,
795 F.3d 1124 (9th Cir. 2015) ........ 9
*Novak v. U.S.*,
795 F.3d 1012 (9th Cir. 2015) ........ 7
*Palmer v. Stassinos*,
348 F. Supp. 2d 1070 (N.D. Cal. 2004) ........ 4
*Pritkin v. Dep't. of Energy*,
254 F.3d 791 (9th Cir. 2001) ........ 6

## I. INTRODUCTION

Plaintiffs' motion for partial summary judgment underscores the fundamental failure of Donna Wills' claims against American General. Both Plaintiffs, South Dakota Trust Company ("SDTC") and Donna Wills, seek recovery of the same damages—the $1.4 million that Gary Thornhill stole from the Plan[1] —and both SDTC and Donna Wills do so under the same allegations with the same theory for the same causes of action. No other damages are alleged in Plaintiffs' Second Amended Complaint and no separate basis of recovery is claimed by either SDTC or Donna Wills. Notwithstanding that two separate plaintiffs are identified in the case caption above, only one Plaintiff, SDTC, as trustee for the 2014 Trust, owns the Policy and the corresponding claim for relief. Donna Wills has no standing in law or fact to pursue a claim here; Plaintiffs' motion for partial summary judgment must be denied.

## II. FACTS

In its motion for summary judgment, filed on October 29, 2015, American General recited, in great detail, the material facts supporting its motion against SDTC and Donna Wills. (Doc. 73, pp. 6–12.) As required by Federal Rule of Civil Procedure 56, those material facts were and remain undisputed and American General specifically incorporates those facts herein.

### A. The Policy's Ownership History

On December 10, 1997, Thornhill, through his company First Financial Resources, suggested that Donna and Richard Wills—as the owners of D&H Manufacturing Company—enroll D&H in the ECI Trust. (Kasner Decl., Ex. 51.)[2] First Financial described the ECI Trust accordingly: (1) D&H makes a tax deductible contribution to the ECI Trust; (2) the ECI Trust

[1] Defined terms have the same meanings as used in American General's motion for summary judgment (Doc. 73).

[2] To avoid submitting duplicative documentation to the Court, American General cites the declarations of Andrew R. Kasner and Michael Sepanski in support of its motion for summary judgment (Doc. 74). However, American General has also been required to submit additional evidence in support of this response to Plaintiffs' motion for partial summary judgment. When citing evidence not attached its motion for summary judgment, American General will cite the "Kasner Supplemental Decl.," a copy of which is attached hereto.

purchases life insurance on plan participants, naming itself as beneficiary; and (3) if a participant dies, the ECI Trust pays death benefits to the participant's beneficiary. (*Id.* at WILLS000474.)

To effectuate D&H's enrollment, the ECI Trust purchased the Policy from American General. (Second Am. Compl., ¶ 13.) Pursuant to the Policy, the owner could take a loan against the Policy's cash value; nothing in the Policy gave American General the right to obstruct the loan process or conveyed a duty to American General to assess the wisdom of any requested loan. (Kasner Decl., Ex. 35, WILLS000260.) Further, the Policy provided no mechanism for American General to reject a Trust's appointment of a new trustee. (*Id.* at WILLS000261.)

Between 1998 and 2000, D&H—not Donna or Richard Wills—contributed $3 million to the ECI Trust, and D&H took $3 million in tax deductions for its contributions. (Kasner Decl., Ex. D, pp. 48:15–18, 168:25–169:9; Ex. E, p. 14:2–15.) In turn, the ECI Trust used the contributions to fund the Policy. For reasons irrelevant to this litigation, the ECI Trust terminated in 2006 and the Plan became the Policy's owner. (Second Am. Compl., ¶ 13.) Republic Bank & Trust served as the Plan's trustee, and the Plan changed the Policy's beneficiary to itself. (*See id.*; Sepanski Decl., Ex. A.)

**B. Donna Wills Appoints Thornhill as Plan Trustee**

In 2008, Donna Wills appointed Thornhill as Plan trustee. (Second Am. Compl., ¶ 14; Kasner Decl., Ex. D, 149:8–14; Ex. 69.) To appoint Thornhill, Wills Management, LLC and Thornhill executed the Trust Agreement. (Kasner Decl., Ex. D, 149:8–14; Ex. 69.)

**C. Thornhill Steals $1.4 Million from the Plan**

In 2010, Thornhill began to misappropriate funds from the Plan. Specifically, in January 2010, Thornhill, as Plan trustee, submitted a $600,000 loan request to American General on the Policy. (Kasner Decl., Ex. E, p. 98:25–99:14; Ex. 95.) Thornhill signed the request as the trustee of the "Wills MGT LLC EMPL WELF BNFT Plan," and further submitted to American General documents, signed by Donna Wills, evidencing his authority to act as Plan trustee. (*Id.* at Ex. 95.)

American General processed the loan request, as it was contractually required to do, and issued a check to "WILLS MGMT LLC EMPL WELF BNFT PLN, GARY THORNHILL, TTEE" in the amount of $591,777.53. (Sepanski Decl., ¶ 4; Kasner Decl., Ex. 95.) Thornhill testified that he endorsed the check as Trustee, deposited the check in the Plan's bank account, and then systematically transferred funds to a personal account for his own personal use without the knowledge of Donna Wills, Wills Management, LLC, or American General. (Kasner Decl., Ex. E, pp. 99:2–100:5, 101:22–104:19.)

Months later, Thornhill submitted an $800,000 loan request on the Policy to American General. (Kasner Decl., Ex. E, p. 107:14–18; Ex. 97.) Again, Thornhill submitted the request as Plan trustee, and American General, processing the request pursuant to its contractual obligations, issued Thornhill an $800,000 check as Trustee of the Plan. (*Id.* at Ex. 97; Sepanski Decl., ¶ 4.) Thornhill again admitted that: (1) he took the $800,000 loan without Donna Wills' or Wills Management, LLC's knowledge; (2) American General did not know of the unauthorized nature of the disbursement request; (3) he deposited the funds into the Plan's account; and (4) over time, he transferred funds out of the Plan's account to his personal accounts and used those funds for reasons that "had nothing to do with" the Plan. (Kasner Decl., Ex. E, pp. 107:14–109:22.)

**D. The Policy's Status Today**

The Plan was terminated (Kasner Decl., Ex. F, 104:7–15, 108:13-17), and the Policy was transferred to Donna Wills in May 2014 (*id.* at Ex. D, p. 34:5–24). Donna paid the Plan nothing for the Policy, which at the time of transfer held an accumulated cash surrender value of approximately $2.8 million. (Sepanski Decl., Ex. D.) Donna Wills sold the Policy one month later to the 2014 Trust for $3,284,509 (to be paid at the time of her death and American General's payment of the death benefit to the Trust). (Kasner Decl., Ex. F, p. 129:12–25; Ex. H.) As part of the Policy's sale, Donna Wills released all rights with respect to the Policy:

> [Donna Wills] shall not have any right, title, interest or incident of ownership whatsoever in or to any such policies of insurance purchased by or transferred to the Trustee, nor shall [Donna Wills] exercise any right, power, option, election,

> privilege or incident of ownership under any such policy. [Donna Wills] hereby relinquishes any and all rights, powers, options, elections, privileges and incidents of ownership in any such policies of insurance which are not assignable by the terms of such policies, if any, and will, at the request of the Trustee, execute all other instruments reasonably required to effectuate this relinquishment.

(*Id.* at Ex. G, pp. 21:18–22:14; Ex. 116, ¶ X(C).) SDTC serves as the 2014's Trust's trustee.

## III. LEGAL ARGUMENT

Donna Wills and SDTC are independently (not collectively) seeking the same recovery of the same damages for the same alleged wrongdoing. This is improper. Here, both Plaintiffs seek recovery of the money stolen by Thornhill from the Plan. SDTC and Donna Wills both testified that these funds are the only damages for which they each seek recovery, highlighting the unavoidable fact that Donna Wills has no standing to bring claims in this case for the stolen funds. (Kasner Supplemental Decl., Ex. A., pp. 17:9–22:24; Ex. B, 29:2–16.)

"The general rule of compensatory damages bars double recovery for the same wrong." *Kursi v. Bear, Stearns & Co.*, 144 Cal. App. 3d 664, 673, 192 Cal. Rptr. 793 (1983). "The law generally bars multiple recoveries for the same loss." *Palmer v. Stassinos*, 348 F. Supp. 2d 1070, 1083 (N.D. Cal. 2004). Increasing the number of plaintiffs does not serve to increase the total potential liability for the defendant – where there is liability, a specific damage is recoverable by a single plaintiff. Indeed, where two plaintiffs seek recovery of the same damage, the Court must decide which of the two has standing to recover the one damage. *See generally Low v. Golden Eagle Ins. Co.*, 101 Cal. App. 4th 1354, 1363, 125 Cal. Rptr. 2d 155 (2002) (noting in subrogation context, insurer and insured can only seek one recovery for their specific damages—both cannot seek the same damages). It is improper for both Plaintiffs to seek the same damages for the same alleged wrong.

### A. Donna Wills Lacks Standing

The issue of "standing in federal court is a question of federal law, not state law." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2667 (2013). To have standing to bring an action, the plaintiff must prove three things: the existence of an injury-in-fact that is concrete and

particularized, and actual or imminent; caused by the defendant; for which a favorable decision would serve as redress. *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, --- F.3d ---, No. 12-17530, 2015 WL 5451484, at *8 (9th Cir. Sept. 17, 2015); *King v. Nat'l Gen. Ins. Co.*, --- F.Supp.3d ---, No. 15-cv-00313 (DMR), 2015 WL 5440826, at *3 (N.D. Cal. Sept. 15, 2015) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Donna Wills meets none of these requirements as Thornhill stole money from the Plan (a separate and distinct legal entity), not Donna Wills.

1. *Donna Wills' Alleged Injuries are Speculative*

To establish an injury in fact, the plaintiff must show that he or she has suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *King*, 2015 WL 5440826, at *3 (citing *Lujan*, 504 U.S. at 560). A plaintiff may not "rely on a bare legal conclusion to assert injury-in-fact or engage in an ingenious academic exercise in the conceivable to explain how defendants' actions caused his injury." *King* at *4 (citing *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (internal citations omitted)).

An academic exercise in the conceivable is an apropos way of describing Donna Wills' allegations of "harm." In her motion for partial summary judgment, Donna Wills states her ***potential*** for harm has two distinct bases, the first being "***if*** the policy prematurely lapses" and the second being that Donna Wills "***can*** replenish the missing funds." (Doc. 77, p. 6 (emphasis added).)

Here, the Policy is active. (Doc. 77, p. 6 (noting Policy may lapse in the future).) It has not lapsed and may never lapse at all because Donna Wills may pass away while the Policy is in force. Alternatively, the 2014 Trust may choose to surrender the Policy prior to the Policy's lapse. Or, Thornhill could fulfill the financial terms of his settlement with Donna Wills and the 2014 Trust by repaying the money he stole from the Plan. There are numerous scenarios wherein the Policy may never lapse, and it is too speculative to suggest otherwise.

Likewise, while Donna Wills theoretically ***can*** replenish the stolen funds, she has not done so.[3] For the same reasons that Donna Wills ***can*** replenish the funds, so can anyone else (including Thornhill). Notwithstanding that Donna Wills' estate planning efforts might instill her with some desire to replenish the funds at some point does not, in and of itself, confer standing. Donna Wills' alleged injuries are speculative.

2. *American General Did Not Cause Donna Wills' Alleged Injuries*

To prove the causation element of the standing requirement, a plaintiff must show that the alleged injury is fairly traceable to the conduct of the defendant, not "the result of the independent action of some third party." *Pritkin v. Dep't. of Energy*, 254 F.3d 791, 797 (9th Cir. 2001) (internal quotations omitted).

Donna Wills' claimed injury is directly traceable to someone other than American General. Specifically, Donna claims that her injury is based on a scenario where she will need to replenish the funds misappropriated by Thornhill because, in the event of the Policy's lapse, the ***2014 Trust*** may otherwise not be able to "repay a promissory note executed by [the 2014 Trust] to purchase the policy from [Donna Wills] in 2014." (Doc. 77, p. 6.) This is the crux of Donna Wills' failure to have standing in this case.

Donna Wills suffers no injury if the promissory note is repaid as planned (and there is no indication that it will not be repaid). The Survivor's Trust (not Donna Wills' estate) will be paid $3,284,509.00 as outlined in the Purchase and Sale Agreement and accompanying Promissory Note.[4] (Kasner Decl., Ex. H, WILLS001699.) If, on the other hand, the 2014 Trust fails to fulfill its obligation to repay the Promissory Note upon its maturity (Donna Wills' death) because of the Policy's lapse, the Survivor's Trust would have a claim against the 2014 Trust for breach of the

---

[3] As neither the owner nor the beneficiary of the Policy, Donna Wills' hypothetical desire to gift funds to the 2014 Trust bestows on her no more standing than any other hypothetical benefactor.

[4] The Promissory Note is payable to Donna Wills, as Trustee of Survivor's Trust created under the Richard and Donna Wills Revocable Trust dated January 14, 2002.

Purchase and Sale Agreement, which was executed between the 2014 Trust and Donna Wills. (*Id.* at WILLS001636.) The 2014 Trust's failure to repay its promissory note to Donna Wills is completely independent of any relationship between Donna Wills and American General. American General did not damage Donna Wills in any sum or manner at all.

3. *A Favorable Verdict Does Not Redress Donnas Wills' Alleged Injuries*

"There is no standing if, following a favorable decision, whether the injury would be redressed would still depend on 'the unfettered choices made by independent actors not before the courts.'" *Novak v. U.S.*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (1989)). This is exactly the circumstance here.

Assuming the Court ordered American General to pay Donna Wills $1.4 million and American General did so, there are various scenarios that could occur, none of which would result in redress of Donna Wills' alleged injury. First, Donna Wills could die before any theoretical lapse, causing the death benefit to be paid to the Policy's beneficiary and the Promissory Note to be repaid to the Survivor's Trust. In such a scenario, Donna Wills would have received $1.4 million from American General, but would have suffered no actual harm. Similarly, Donna Wills could choose not to replenish the $1.4 million in stolen funds, despite receiving a judgment against American General, keeping that money for herself and, again, suffering no harm.

The alleged injuries of which Donna Wills complains, potential lapse and potential non-payment of a promissory note, cannot be redressed by any judgment against American General.

**B. SDTC is the Only Proper Plaintiff**

Donna Wills is neither the owner nor the beneficiary of the Policy.[5] (Second Am. Compl., ¶ 34.) Nor is there any suggestion that Donna Wills is the beneficiary of the 2014 Trust, which is

[5] Donna Wills makes no overt claim that purports to grant her standing to sue American General as a third-party beneficiary of the Policy, but her statement that the Policy proceeds likely will be used by the 2014 Trust to pay off its promissory note could be read to imply as much; nonetheless, such a claim would fail. California law provides that "[p]arties that benefit [from a contract] are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary. The contract must establish not only an intent to confer a benefit, but also 'an intention ... to grant [the third party] enforceable rights.'" *Kremem v. Cohen*,

the owner and beneficiary of the Policy. However, even if Donna Wills were the beneficiary of the 2014 Trust, under California law, "a trust beneficiary has no legal title or ownership interest in the trust assets, and as such, in civil lawsuits, a trust beneficiary's right to sue is ordinarily limited to the enforcement of the trust, according to its terms." *In re Tower Park Properties, LLC*, 803 F.3d 450, 459 (9th Cir. 2015) (internal citations omitted). Donna Wills is not the proper party to bring suit against anyone; she is neither the Policy's owner, nor its beneficiary, nor the trustee or beneficiary of the 2014 Trust, which owns the Policy. The series of transactions that Donna Wills undertook to divest herself of the Policy as part of her overall estate plan also divested her of any relationship necessary to enforce any claims related to the Policy. (Kasner Decl., Ex. G, pp. 21:18–22:14; Ex. 116, ¶ X(C).) Only the 2014 Trust, through SDTC, as Policy owner, may assert claims related to the Policy.

**C. Donna Wills' Claims are Not Ripe for Adjudication**

In *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122-23 (9th Cir. 2010), the Ninth Circuit held that the "Plaintiff lacks standing because he has not alleged, and indeed, cannot allege at this juncture, sufficient facts to establish that his injury is fairly traceable to Defendant's conduct." The Court continued that "[f]or essentially the same reasons, Plaintiff's claims are unripe…. The central concern of the ripeness inquiry is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (internal quotations omitted)); *King*, 2015 WL 5440826 at *4 (holding that "where a plaintiff concludes that he has been injured but does not allege how 'he personally suffered' the injury, the injury-in-fact requirement is not met.")[6]

---

337 F.3d 1024, 1029 (9th Cir. 2002) (citing *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 1999)). Thus, Donna Wills cannot sue American General as a third-party beneficiary of the Policy as she is not one.

[6] The issues of standing and ripeness are often inextricably intertwined. "Whether framed in terms of ripeness or standing, petitioners' alleged injury is too speculative to give rise to a case or controversy as required by Article III." *Alcoa, Inc. v. Bonnevill Power Admin.*, 698 F.3d 774, 794 (9th Cir. 2012).

Even assuming Donna Wills had standing to bring her claims against American General, and she does not, the claims that she alleges are not ripe. "A question is fit for decision when it can be decided without considering contingent future events that may or may not occur as anticipated, or indeed may not occur at all." *Name.Space, Inc. v. Internet Corp. for Assigned Named and Numbers*, 795 F.3d 1124, 1132 (9th Cir. 2015) (internal quotations omitted) (*citing Addington v. U.S. Airline Pilots Ass'n*, 606 F.3d 1174, 1179 (9th Cir. 2010)). The ripeness doctrine serves to prevent courts from entangling themselves in abstract disagreements by avoiding unnecessary or premature adjudication. *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S. Ct. 1507, 18 L.Ed.2d 681 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105, 97 S. Ct. 980, 51 L.Ed.2d 192 (1977).

Here, Donna Wills specifically asserts that her claims are based on two potential injuries: the first being "***if*** the policy prematurely lapses" and the second being that Donna "***can*** replenish the missing funds." (Doc. 77, p. 6 (emphasis added).) As discussed above, neither alleged injury has occurred or necessarily will occur. Donna's wholly speculative claims, even presuming *arguendo* that she had standing to bring them, are not ripe for review by this Court.

## IV. CONCLUSION

For the foregoing reasons, Donna Wills has no standing to bring the unripe causes of action alleged in the Second Amended Complaint, and her motion for summary judgment to strike American General Life Insurance Company's 22nd and 25th Affirmative Defenses must be denied.

Date: November 12, 2015 EDISON, MCDOWELL & HETHERINGTON, LLP

By: /s/ David T. McDowell
Jodi K. Swick
David T. McDowell*
Jessica L. Wilson*
Andrew R. Kasner*

.

ATTORNEYS FOR AMERICAN GENERAL LIFE INSURANCE COMPANY
* Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of November, 2015, a true and correct copy of the foregoing, with all attachments, has been filed with the Court's CM/ECF system, which will provide electronic notice and copies of this filing to all counsel of record as follows:

**Counsel for Plaintiffs:**
Maria S. Bellafronto
Aleksandr Korzh
70 South First Street
San Jose, California 95113
mbellafronto@hopkinscarley.com
akorzh@hopkinscarley.com

**Counsel for Third Party Defendants:**
Steven R. Levy
Law Office of Steven R. Levy
17670 Woodland Avenue
Morgan Hill, California 95037
stevelevy@verzion.net

By: /s/ David T. McDowell
David T. McDowell